Simon, J.
delivered the opinion of the court.
Plaintiff seeks to recover a sum of $6500, which he alleges, defendant owes him as indorser of a promissory note. Defendant being a resident of the State of Mississippi, was cited by attachment, which, in conformity with the prayer of the petition, was levied on certain moneys, effects and property stated to belong to said defendant, in the posesssion of several banks of this city, and of the commercial firm of A. A. Halsey & Co. They were all cited as garnishees, and interrogatories were propounded to them, which they severally answered under oath, as follows: The New Orleans Canal and Banking Company, the Commercial Bank of New Orleans, the City Bank, and the Atchafalaya Bank, all answered that they had nothing in their possession belonging either to the house of Halsey & Oo. or to the defendant. The president and cashier of the Union Bank of Louisiana, stated that the bank had not in their possession any property of any description belonging to W. M. Gwin, but that there was at the credit of A. A. Halsey & Co. on the books of the bank, a balance of $1497 49, and also deposited by them for sáfe keeping, three boxes, contents unknown, marked J. M. Bell; and the firm of A. A. Halsey & Oo. answered: 1st. That “ at the time of service on said firm of the interrogatories and attachment, they had not in their possession or under their control any moneys, notes, bills of exchange, cotton, merchandise or property of any description, belonging to A. A. Halsey & Co., or to the defendant, either in whole or in part, excepting certain bank notes on deposit, specie, and office furniture, all amounting to $4491 64, belonging to said firm ; and that they were ignorant of any other property or effects to be added to [33] those above specified.” 2d. That “ W. M. Gwin, was, at the time of said service, a partner in the firm of A. A. Halsey & Co., and was then indebted to said firm for moneys advanced to and for him, groceries furnished to him, and liabilities therefore incurred by the firm at his request and for his benefit, and all paid by said firm previous to the said service, except a suip. of $6000, all which moneys, groceries and liabilities exceed the value of the interest of defendant in the whole partnership property as above specified, by $45,850 67, which said defendant, at the time of service of said interrogatories and attachment, owed and still owes; and for the payment of which said firm has a privilege or preference over the plaintiff on the said notes, specie and furniture forming the whole partnership effects.” And 8d, that “ on th6 first of February, 1840, defendant withdrew and ceased to be a member of the firm of Halsey & Oo., and has never since been a member of said firm.” On the 10th of February, 1840, the firm of A. A. Halsey & Oo., intervened in the suit to claim said notes, specie and furniture contradictorily with the plaintiff; on the 12th, a rule was obtained, ordering plaintiff to show cause why the intervenors should not be allowed to bond the boxes of silver, &c., attached in the case, on the grounds on file; which rule was *25 made absolute, ou the ground that said money was the property of A. A. Halsey & Oo. On the 5th of March, said firm filed a bond, in consequence of which the property was released and the attachment set aside; and on the 25th ensuing, the interrogatories propounded to them as garnishees, were answered and filed, and no exception was taken to their admissibility. An attorney having been appointed by the court to represent the absent defendant, he excepted to the jurisdiction of the court, on the grounds that said defendant had not been served personally with citation, nor had any property or interest been attached in the suit; prayed the dismissal of the action, and in case the plea should be overruled, filed an answer to the [34] merits. The record does not show that any attempt was made to disprove the answers of Halsey & Oo. to the interrogatories propounded to them as garnishees; the plea to the jurisdiction and the intervention, do not appear to have ever come under tho notice of the court, though issue was joined by plaintiff on the petition of intervention; the case was tried on its merits, and the judge a quo rendered judgment in favor of the plaintiff against Gwin for the sum of $2000, without oven alluding in his written opinion to the attachment which had brought the defendant before him; from which judgment said plaintiff appealed.
it is first insisted on the part of defendant’s counsel, that this action cannot he maintained, as no property has been proven to belong to said defendant, who, therefore, is not properly in court; and we are called upon, by tho issue joined on the appeal, to give effect to the declinatory exception by him filed.
It is perfectly clear that if no property of the defendant has been seized under the writ, no judgment can be obtained against him, and the attachment or the bond given under it, must he set aside and the suit dismissed. 6 Martin, 572; 3 Martin, N. S. 321. In this case, the plaintiff pointed out in his petition the persons in whose hands property could be found and attached, and the sheriff levied the writ accordingly; he made them garnishees; and thought necessary to probe their consciences by propounding interrogatories, the answers to which show that plaintiff cannot derive any benefit from the attachment, as there is nothing in the possession of the garnishees out of which the judgment or any part of it could he satisfied. It is true .that the seizure of any property, however small the amount may be, is sufficient to give cognizance of a cause on attachment and authorize proceedings to final judgment; that our law extends attachments to every species of property, and all rights and credits of defendants; and that, therefore, [35] partnership property may he attached in a suit against one of the members of a firm as it has been done in the present instance. 4 Martin, N. S. 183. But when it is shown, as in this case, that the attachment is to become a vain and useless proceeding, and is only used as an indirect means of obtaining judgment against an absentee, who would not otherwise be amenable before our courts of justice, the right necessarily ceases, and the plaintiff must seek relief elsewhere, or in some other mode. Here, the answers of Halsey & Oo. to the interrogatories propounded to them by plaintiff, and which stand nneontradicted or unexcepted to, show conclusively that said plaintiff would *26 vainly attempt to obtain the satisfaction of the. judgment, whatever be its amount, out of the notes, specie and personal property belonging to the firm as, in this state of the case, it cannot he pretended that said firm would not he entitled to apply the defendant’s portion in their hands of the hank notes and specie attached, to the extinguishment of the large debt which said defendant owes to said firm. If so, what effect can the attachment have, and what benefit can the plaintiff derive from it? Hone whatever, as he must take the answers of the garnishees as conclusive and full evidence of their having in their hands no property belonging to the defendant. We think therefore that the attachment cannot he sustained.
But jt is urged that the bond given by the garnishees, ought to he taken as an appeai'ance on the part of defendant, and considered as a waiver of the plea to the jurisdiction; we think not. The intervcnors were allowed to bond the property attached on the ground that it belonged to the firm, as by them alleged in their petition of intervention; they did not act for or in the name of the defendant; and had the undoubted right of protecting and [36] securing the property of the firm. The bond was not given for the advantage of the defendant, nor with any view to put the property attached within his reach or in his possession; they were perhaps aware there would he no danger in bonding it; as from their subsequent answers to interrogatories, beyond which we cannot inquire without satisfactory proof, there was sufficient evidence to show that no part of the notes and specie could he considered as belonging to said defendant; and we are satisfied that the giving of said bond by the garnishees did not destroy the right which the defendant had to show that no property belonging to him was attached and to obtain the dismissal of the action on the ground of want of jurisdiction.
The decision of this question, which, to our astonishment appears to have been entirely disregarded by the inferior court, puts an end to the present suit, and renders unnecessary to examine the other points raised in argument and presented by the pleadings; they belong to the merits of the cause.
It is therefore ordered, adjudged and decreed, that the judgment of the commercial court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the declinatory exception filed by defendant he sustained, the attachment set aside and the suit dismissed; the plaintiff and appellant paying costs in both courts.