————o————

## No. 4497.

### (Court of Appeal, Parish of Orleans.)

### JOS. R. GIVENS VS. WILLIAM EMMER.

1. A defendant may move to set aside an attachment, though no property be actually attached; the mere fact that an attachment has issued gives the defendant the right to ask for its dissolution.
2. The articles authorizing the writ of attachment were not intended to afford a conservatory remedy in all cases in which a creditor had suspicions which are not afterwards sustained by sufficient affirmative evidence of intention to defraud. The fraudulent intent must be shown.
3. In a case involving charges of fraud, great weight will be given to the conclusions of fact of the district judge who heard and saw the witnesses.

Appeal from Civil District Court, Division "A."

C. L. Johnson and P. H. Mentz, for Plaintiff and Appellant.

W. H. Byrnes, Dinkelspiel, Hart & Davey and P. D. Olivier, for Defendant and Appellee.

DUFOUR, J. The plaintiff, a creditor of defendant, sued out an attachment on the grounds that the latter has concealed himself and that he has assigned or disposed of a part of his property with intent to defraud his creditors or give an unfair preference to some of them.

The first ground is apparently abandoned and will not be discussed. The defendant moved to set aside the attachment because of the falsity of the averments made to obtain it, and from a judgment making the rule absolute, the plaintiff has appealed. The plaintiff, at the outset, urges that, as defendant is not the owner of the property attached, he cannot move to dissolve the attachment, and he cites several cases as sustaining

—8—

his contention. We do not see that they do. In 32 An. 595, it was held merely that, in the attachment of incorporeal rights, there must be either an actual seizure of the written evidences of the credits or a citation in garnishment. In 12 An. 796, it was said that defendants in attachment could not maintain an action for damages for loss of freight by reason of the illegal seizure, where it appears that they had sold the barge illegally attached. In 26 An. 644, the advocate representing an absconding creditor pleaded as a *defence* that the property attached, though in the name of the defendant, was in reality the property of a commercial firm of which he was a member. There was no question of the dissolution of an attachment presented.

In 38 An. 595, a writ of sequestration of *specific movables* issued, as auxillary to a writ of executory process against a mortgaged plantation to which said movables were attached; there was no writ of attachment in the case.

But we find a case at N. S. 314, in which it was held that "defendant's attorney may be heard on a motion to set aside the attachment, though no property be actually attached." See also 17 La. 28.

It follows from this that, irrespective of the ownership of the property attached, the mere fact that an attachment has issued against a party gives him the right to ask for its dissolution.

It is useless to inquire into the question of the burden of proof on a motion to dissolve for falsity of the affidavit, as the evidence as a whole amply shows that there was no intention on the part of defendant to defraud his creditors.

It is shown that Emmer, having gone into the business of boss drayman, found it a losing venture and was compelled to borrow money from several of his relatives in order to try and recoup himself.

He finally came to the conclusion that his only chance of success was to reduce expenses by doing business on a smaller scale. He then parted with some of his stock by a *dation* to his father and brother-in-law in payment of his indebtedness to them. Some of his horses were taken by his father just before the attachment and without his consent. He still had ample property left to pay his other debts; this consisted of

seven or eight horses, floats, a blacksmith shop with tools, horse shoes, nails, etc.

Emmer says he notified Givens of his intended acts and the latter admits it.

The testimony of Givens is unsatisfactory. He admits having, two or three days before the attachment, received from defendant's wife ninety-six dollars on account of his claim, and he occupies the peculiar attitude of subsequently endeavoring to get his receipt back and, as he puts it, to give to Mrs. Emmer his "note instead of a receipt."

He also stopped in the possession of a railroad company part of a load of hay previously sold by him to Emmer.

"The articles authorizing the writ of attachment for cause alleged were not intended to afford a conservatory remedy in all cases in which a creditor had suspicions which are not afterwards sustained by sufficient affirmative evidence of intention to defraud. The fraudulent intent must be shown."

117 La. 888.

In a case involving charges of fraud, great weight will be given to the conclusions of fact of the district Judge who heard and saw the witnesses. 24 An. 484.

Judgment affirmed.

October 26, 1908.

Rehearing refused November 23, 1908.

Writ denied by Supreme Court December 23, 1908.