## H. RHINE & BROTHER v. T. Y. LOGWOOD.

Where persons by their acts have continued to involve in obscurity and confusion, the nature and extent of their right, so as to render the ascertainment of them difficult and uncertain, it is but just that those rights should not be recognized as existing in a form which may defeat the rights of creditors or other parties in interest.

APPEAL from the District Court of Caddo, *Spofford*, J.

*Crain & Nutt*, for plaintiffs :

The defendant had no right after bonding the property to say that it was not his own. After taking judicially his position as owner, his bond was a judicial confession of ownership, which could not be denied, by either himself or his sureties.

Apart from this position, it is not shown that the property attached was not liable to attachment on account of *Logwood* having no interest in it. See 2 A. R. 243, 154; 1 R. R. 277; 8 R. R. 72, 428; 2 R. R. 510; 7 R. R. 349; 18 L. R. 59.

*Land*, curator *ad hoc*, for defendant and appellant.

LEA, J. The plaintiffs in this case, the holders of the written obligations of the defendant, who is a non-resident, commenced suit by the attachment of certain property, found within the limits of the State. The property attached was bonded by the defendant, and the only question for solution is whether the defendant had an attachable interest in the property. There is no dispute about the existence of the debt sued upon, but it is urged that the property does not belong to the defendant, and that the District Court was therefore without jurisdiction, the defendant being represented only by a curator *ad hoc*. No claim was set up by any intervening party. It is the case, (as was remarked in the reasons assigned by the District Judge,) of a single defendant, who having bonded the property seeks to avoid any judgment against himself, on the ground that he is without interest in the property attached. A defendant occupying such a position, assuming for the purpose of argument that the position is correct in law, should establish with reasonable certainty the absence of interest upon which he relies as a means of evading the jurisdiction of the Court. On this point the evidence leaves scarcely a doubt upon the mind that the defendant had an interest in the property attached, though it is not conclusive as to the extent. The acts and words of the defendant as detailed by the plaintiff's witnesses justify the conclusion that he was making use of his wife's name merely as a screen to cover simulation. The burthen of proof, therefore, rests upon the defendant, who seeks to evade the payment of his acknowledged obligations ; and where persons by their acts, have contributed to involve in obscurity and confusion the nature and extent of their rights, so as to render their ascertainment difficult and uncertain, it is but just that those rights should not be recognized as existing in a form which may de-

74

feat the rights of creditors or other parties in interest.   Applying this principle to the case at bar, we think the jurisdiction of the Court should be maintained and the attachment enforced.

It is ordered that the judgment appealed from, be affirmed with costs.