### KELLY v. BAKER.

(Supreme Court, Appellate Division, First Department. February 25, 1898.)

1. ACTION ON CONTRACT—PERFORMANCE—TENDER AND REFUSAL.

An action was brought to recover a sum of money upon a contract, by which the defendant agreed to pay the plaintiff $2,500 at a certain time, upon condition that the plaintiff should first furnish to defendant a general release specified. The complaint alleged, among other things, that at the proper time the plaintiff tendered such release to the defendant, and de-

manded payment, which was refused, etc. *Held*, that the reciprocal agree-
ments were substantially mutual conditions to be performed at the same
time, and that the allegations of tender and refusal set up a good cause of
action.

**2. ATTACHMENT—VACATION.**
On a motion to vacate an attachment on the ground that the bank accounts
levied upon, though standing in defendant's name, did not belong to her
personally, but as an executrix of a certain will, it appeared that defendant,
who was also the residuary legatee under the will, had in fact received
the money, and undertaken to deal with it as her own. *Held*, that the ques-
tion of actual ownership was immaterial upon this motion, and that the
levy, having been properly made, could not be interfered with, until, at least,
the sheriff had had an opportunity to be heard.

Appeal from special term.

Action by James E. Kelly against Lucinda Baker. From an order
vacating an attachment, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
McLAUGHLIN, and O'BRIEN, JJ.

James E. Kelly, in pro. per.
T. M. Tyng, for respondent.

RUMSEY, J. The action was brought to recover a sum of money
upon a contract by which the defendant agreed to pay to the plaintiff
$2,500 at a certain time, upon condition that the plaintiff should first
furnish to the defendant a general release, specified in the contract.
The defendant was a nonresident, and upon that ground the plain-
tiff procured an attachment. The defendant moved to vacate the
attachment for the reason that the complaint did not allege facts
sufficient to constitute a cause of action. The defect insisted upon
was that the plaintiff had not shown that he had performed that
portion of his contract which required him to furnish the general
release, and that for that reason he was not entitled to the money
claimed. The allegation upon that point is that, after the time for
the payment of the money had arrived, the plaintiff tendered such
release to the defendant, and demanded from her the said sum pro-
vided in the instrument to be paid; but that the defendant refused
to pay, and has not paid, the sum, or any part thereof, and that the
plaintiff now is, and always has been, ready and willing to deliver
said release to the defendant upon receiving the said payment.

We think that the allegation was sufficient to show that the plain-
tiff had done all he was required to do to entitle him to the pay-
ment of the money. The agreement to furnish the release, and the
corresponding agreement on the part of the defendant to pay the
money, were substantially mutual conditions, and to be performed at
the same time. In such a case, if the person who claims to be enti-
tled to the money alleges a tender of performance on his part, and a
demand of performance by the defendant, which is refused, he sets
up a good cause of action. Pordage v. Cole, 1 Saund. 320e; Laird
v. Pim, 7 Mees. & W. 474. The conclusion of the learned judge
below that a cause of action was not set up was erroneous.

It is claimed also by the defendant that the levy was improper, and
should be vacated. It appears that the sheriff levied upon two bank

accounts standing in the defendant's name in certain savings banks in this city, which the defendant claims to not belong to her personally, but as executrix of the will of Eliza Schneider, deceased. From the facts set out in the opposing affidavits, however, it appears that the defendant is not only the executrix of Eliza Schneider, but is her residuary legatee, and that she has a beneficial interest in the estate of Eliza Schneider, after the payment of all debts and expenses of administration, much larger than the amount of the plaintiff's claim. But this is not of much importance. The defendant has received that money, and undertaken to deal with it as her own. That being so, it is not necessary to examine in this case whether she actually owns the money, or whether she is bound to account to some other person or estate for it. The sheriff was bound to levy upon it, and his levy cannot be interfered with until, at least, he has had an opportunity to be heard in regard to the matter.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion to vacate the attachment and levy denied, with $10 costs. All concur.