(48 Misc. Rep. 625)

## VOGELMAN v. LEWIT.

(Supreme Court, Appellate Term. November 29, 1905.)

1. ATTACHMENT—VACATION—AFFIDAVITS.

Where plaintiff procured an attachment on the ground of defendant's nonresidence, and defendant. in an affidavit in support of a motion to vacate the attachment, admitted that he was a resident of New Jersey, such admission cured any insufficiency in the proof given by plaintiff as to defendant's residence.

2. SAME—GROUNDS.

That the chose in action or money attached in a suit against a nonresident as belonging to him was not his property was not available to him as a ground for vacating the attachment.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, § 800.]

3. SAME—AFFIDAVITS.

Where plaintiff's affidavit in support of an attachment alleged that the goods sold to defendant, for which plaintiff claimed defendant was indebted to him, were sold September 2, 1905, but the affidavit was verified June 5, 1905, the date of the sale was a mere clerical error, leaving the affidavit without an allegation of time when the goods were sold, which was unnecessary.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Isidore Vogelman against Abraham Lewit. From a judgment of the Municipal Court of the city of New York in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

C. & I. H. Brand, for appellant.
Kleiner & Harris, for respondent.

PER CURIAM. The plaintiff obtained an attachment against the property of the defendant, upon the ground that the defendant was a nonresident; his affidavit stating that:

"On various occasions the deponent met the defendant, and had asked him where he kept his place of business; that defendant then informed deponent that he resided and kept his place of business in * * * New Jersey."

Defendant moved to vacate the attachment upon his own and the affidavits of two others. In his own affidavit he admits that he resides in New Jersey. This cures the insufficient proof given by the plaintiff as to the residence of the defendant, if any existed.

The further ground urged for a vacating of the attachment was that the chose in action or money levied upon by the marshal as being the

property of the defendant was not his property. This is not available to the defendant.

The plaintiff's affidavit alleges that the goods sold to the defendant, for which he claims he is indebted to him, were sold September 2, 1905. His affidavit was verified June 5, 1905. This is clearly a clerical error, and it may be treated as surplusage. It then leaves the affidavit simply without stating any· time when the goods were sold, nor is it necessary that it should fix a time.

Judgment affirmed, with costs.