LOUIS WERNER SAWMILL COMPANY *v*. RICHARD N. SHEFFIELD
ET AL.

[42 South. Rep., 876.]

ATTACHMENT IN CHANCERY.  *Jurisdiction.*  *Code* 1892, §§ 486, 487.

> The chancery court has no jurisdiction of an attachment against a non-resident debtor under Code 1892, §§ 486, 487, providing for attachments in chancery, unless the lands or tenements of the non-resident be levied upon or the resident defendant be indebted to or have effects of the non-resident in his hands or possession.

FROM the chancery court of, second district, Coahoma county. HON. PERCY BELL, Chancellor..

Sheffield, the appellee, was complainant in the court below; the Louis Werner Sawmill Company, the appellant, and the Yazoo & Mississippi Valley Railroad Company, were defendants there.    From a decree in favor of complainant, defendant Louis Werner Sawmill Company appealed to the supreme court.    The suit was an attachment in chancery by Sheffield, who claimed to be a creditor of the sawmill company, a nonresident of the state, and the bill charges that the railroad company, the resident defendant, had effects of the sawmill company in its possession. The defendants filed separate answers, denying that the railroad company had any effects of the sawmill company in its possession at the time of the service of the writ of attachment, and interposed a special plea to the jurisdiction of the court.    The court below entertained jurisdiction and entered a decree of reference to ascertain the amount of indebtedness due from the sawmill company to complainant, granting the appeal to settle the principles of the case.

*D. A. Scott,* for appellant.

For the purpose of conferring jurisdiction on the court below, the appellee alleged in his bill of complaint that the Yazoo &

Mississippi Valley Railroad Company, the appellant's co-defendant in the court below, had in its hands at the time of the commencement of the suit, effects owned by and belonging to the said appellant, and that the said appellant was at that time a nonresident of and absent from the state of Mississippi. This allegation of the original bill was specifically denied by both the Yazoo & Mississippi Valley Railroad Company and by this appellant. It was, however, admitted that the appellant was and continued to be at all times, a nonresident of and absent from the said state of Mississippi.

This suit was filed and process issued and served on the appellant's co-defendant, the Yazoo & Mississippi Valley Railroad Company, on the 19th day of January, 1904, and was a proceeding commenced by attachment on behalf of the appellee against the said Yazoo & Mississippi Valley Railroad Company and this appellant.

Both the said railroad company and this appellant, as above stated, expressly denied that the said railroad company had any effects belonging to the appellant in its hands at the time of the commencement of the suit, and interposed a special plea to the jurisdiction of the court below. This plea was interposed in the separate answers of the defendant railroad company and the appellant, and inasmuch as the appellant has no lands or tenements within the state at the time of the filing of this suit, the jurisdiction of the court below rests entirely distinctly and positively upon the isolated fact as to whether the said railroad company did not have in its hands effects of the appellant as alleged in the original bill, and unless the appellee had affirmatively shown, by a preponderance of the evidence, that the said defendant railroad company did at the time of the commencement of this suit have effects belonging to the appellant in its hands, then manifestly the lower court had no jurisdiction and the original bill of complaint should thereupon have been dismissed.

The remedy adopted and sought to be enforced by the appellee is purely and essentially statutory, and the basis of chancery jurisdiction is likewise statutory, hence it follows that complainant must by a satisfactory preponderance of the evidence bring himself strictly within the language of the statute by proving (1) that the principal defendant was, at the time of the commencement of the suit, a nonresident, absent or absconding debtor; (2) that he had lands and tenements in this state; or (3) the presence here in this state of effects belonging to him and in the hands of some other person who was likewise made a party to the suit, or, that such codefendant was indebted to such nonresident, absent or absconding debtor. *Scruggs* v. *Blair,* 44 Miss., 406; *Statham* v. *New York Life Ins. Co.,* 45 Miss., 581; *Allen* v. *Montgomery,* 48 Miss., 101.

The rule just mentioned has recently been reconsidered by this court, and Chief Justice WHITFIELD in that case says: "The remedy sought to be pursued here was an attachment in chancery, yet only personal property was levied upon, and no bond was given as provided by the Code of 1892. An attachment cannot be issued by the chancery court except in accordance with sec. 486 *et seq.* It must conform to the provisions of the law as announced in sec. 486; it must show that the nonresident 'has lands and tenements in the state,' or it must go against any such debtor and persons in this state as have in their hands effects of, or are indebted to, such nonresident, absent or absconding debtor." *Advance Lumber Co.* v. *Laurel National Bank,* 86 Miss., 419.

It has been distinctly and positively held by this court that there is no warrant for the rendition of a personal decree against a nonresident defendant to a suit commenced by attachment in chancery. *Chamberlain Hunt Academy* v. *Port Gibson Brick & Mfg. Co.,* 80 Miss., 517.

Indeed, it appears from the former utterances of this court, and especially the case just cited, that the only possible decree

which could be entered in this proceeding is a decree subjecting whatever effects of the nonresident defendant were in the hands or possession of the said railroad company, and inasmuch as there is nothing in the record to indicate what effects belonging to the appellant was in the hands of the railroad company at the time of the commencement of this suit, and an absence of any proof as to the value thereof, it is respectfully submitted that no final decree could be entered upon any report made under the decree from which this appeal is prosecuted, and if there was nothing else of which the appellant had a right to complain, this alone would be amply sufficient to justify a reversal.

*J. W. Cutrer,* for appellee.

The allegations to the bill asserted an indebtedness on account of the staves actually manufactured and delivered, and damages on account of breaches by appellant of the contract specified in the bill.

The appellant was a nonresident of the state. The Yazoo & Mississippi Valley Railroad Company was then and is now a resident of the state.

This company was named as a party defendant upon allegations in the bill, bringing the case within sec. 486 of the Code of 1892, and sec. 536 of the Code of 1906.

Whereby an attachment in chancery was sued out, issued and served as required by law, covering the effects of the defendant, nonresident debtor, in the hands of the said company.

The main cause of complaint is that the chancellor erred in his finding, as a matter of fact, from the testimony that the defendant, Yazoo & Mississippi Valley Railroad Company, had in its hands effects of the defendant, at the time of the institution of this proceeding and the service of the process of attachment upon the said defendant railroad company. There are sufficient answers to the contention of appellant along this line.

Primarily it may be stated that the Yazoo & Mississippi Valley Railroad Company has not appealed from the finding of

facts and decree of the chancellor to the effect that it did have effects of the appellant in its hands when served with process.

If it was error on the part of the chancellor so to have found and determined, it was error affecting the right of the co-defendant of appellant, and not any right or rights, of appellant. ·

It is well established that one appellant cannot assign as error matter affecting only the right of other defendants. *Barrett* v. *Carter,* 69 Miss., 593.

Again: There is no direction in the decree to the commissioner to ascertain what property of appellant was in the hands of the defendant railroad company, at the time of the service of process upon it, the court simply having determined the fact to be that such property was in the hands of the said defendants, and in the language of the decree providing "that all other matters at issue herein are reserved until the coming in of the report of the said commissioner."

The defendant railroad company was and is satisfied with that decree and does not appeal therefrom, so that it is not within the power of appellant to act in this behalf for the railroad company, however much it might wish to do so.

It is further answered to the contentions of appellant, as shown by brief of counsel on file, that this appeal was granted and prosecuted from an interlocutory decree for the purpose of settling the principles of the case, and appellant nowhere contends that the decree of reference was and is in any particular wrong in principle, and that, therefore, the decree of reference is · erroneous.

It must be admitted that the decree of reference was and is the proper decree to be entered, conserving in principle equally the rights of appellant and appellee for the purpose of arriving at what indebtedness is owing by the former to the latter.

The decree was and is right in principle considering the contract exhibited with the bill, and the transactions between the parties subsequent to the execution of that contract, as exhibited by the pleadings in the cause.

Therefore, the argument presented that the record does not show that the defendant railroad company, which does not appeal, did not have effects of the appellant in his hands when it was served with proper process in this cause, is foreign to the matter submitted to this court for determination on this appeal —i. e., whether the decree of reference does or does not proceed along erroneous lines in directing the stating of the account between appellant and appellee.

We submit that this court cannot on this appeal inquire into the questions argued by counsel, now or at any other time, unless the defendant railroad company shall appeal from such final decree as the court may enter herein as against it.

It must, however, be conclusive of the argument presented by counsel, that the testimony does show what the decree of the chancellor finds, that the defendant railroad company did have in its hands effects of appellant at the time of the institution of this suit and of the service of process upon the defendant railroad company, as shown by the record herein.

The statute controlling the proceedings has been in effect in this state for many years. It has been carried forward with slight changes until found embodied in the Code of 1906, that code providing for a personal decree against a nonresident debtor if he has entered an appearance, as has been done by appellant in this case.

The proceeding is not one which seeks the property of the nonresident defendant (except lands), but it was intended to operate and does operate on such persons in the state as may have in their hands any of the effects of the debtor.

The statute does not require that the person who shall have the effects in his hands shall be a resident, or that the effects which such person shall have in his hands shall be in the state, but only that some person shall be found in the state who has in his hands effects of the nonresident.

It will not do to add the requirement to the statute that the person having effects in his hands must not only be found in the state, but that effects also so in the hands of such persons must be found in and be in the state.

If this be true, then there would be no need for attachments in chancery, because an ordinary attachment or writ of requestration would lie. This court has so determined in the case of *Lumber Co.* v. *Bank,* 86 Miss., 419.

In that case the court said that the jurisdiction of the court is fixed if two things occur: If the nonresident owns land or tenements in the state; or, if there are no lands and tenements, then other persons must be joined in the action with the nonresident defendant who have in their hands effects of or are indebted to such nonresident defendant.

In the case at bar, the answer of the defendant railroad company admits that it had property of appellant's in its hands at the time of the service of the process, and the court so determined.

MAYES, J., delivered the opinion of the court.

The Louis Werner Sawmill Company is conceded to be a nonresident of this state. The jurisdiction of the chancery court to entertain this suit depended upon the fact that the Yazoo & Mississippi Valley Railroad Company had in its hands effects belonging to the Louis Werner Sawmill Company at the time the writ of attachment was served on it. The answers had denied that the railroad company had any effects of the Louis Werner Sawmill Company in its possession at the time the writ of attachment was served on it; and the burden rested on Sheffield to establish this fact. The proof in the case utterly fails to show that the Yazoo & Mississippi Valley Railroad Company had any of the effects of the Louis Werner Sawmill Company in its hands at the date of the serving of the writ of attachment, and therefore the court was without jurisdiction to entertain this suit, and there should have been no statement of

accounts ordered. There being no jurisdiction shown, all the proceedings should be dismissed.

*For this reason, the judgment is reversed, and the cause dismissed.*