## S. M. THORNLEY v. O. G. LAWBAUGH.

(47 L.R.A.(N.S.) 1127, 143 N. W. 348.)

**Action — attachment — special appearance — jurisdiction — discharge of attachment — motion.**

In an action to recover damages, plaintiff caused an attachment to issue, and a levy was made upon land in McLean county as belonging to defendant, a nonresident, who under special appearance subsequently moved to discharge

the attachment and dismiss the action for want of jurisdiction in the court of person or property of the defendant. Substituted service of the summons and complaint had been made upon defendant without the state. *Held:* That defendant cannot be heard to deny his ownership of the property attached to defeat the limited jurisdiction of the court proceeding quasi *in rem* against the attached property. He cannot set up title in a stranger to defeat the attachment levy as upon his property.

Opinion filed September 22, 1913.

Appeal by plaintiff from an order of the district court of McLean county, *Winchester,* J., quashing an attachment and dismissing the action.

Reversed and remanded.

*Hyland & Nuessle,* for appellant.

The alleged trust, as between the defendant and the grantors in the deed conveying the property in question to him, is void. Rev. Codes 1905, §§ 4821, 4835, Comp. Laws 1913, §§ 5364, 5378; Enderlin Invest. Co. v. Nordhagen, 18 N. D. 517, 123 N. W. 390.

Such alleged trust was a secret one, and did not appear in the instrument of conveyance, nor in any other manner of record. Rev. Codes 1905, § 5038, Comp. Laws 1913, § 5594; Enderlin Invest. Co. v. Nordhagen, supra.

The plaintiff had no knowledge of the execution and delivery of the instruments in question.

Where the grounds of attachment, or any of them, are the same as those in the main action, they cannot be adjudicated upon a mere motion to discharge the attachment. Newell v. Whitwell, 16 Mont. 243, 40 Pac. 866; Kuehn v. Paroni, 20 Nev. 203, 19 Pac. 273; Olmstead v. Rivers, 9 Neb. 234, 2 N. W. 366; Drake, Attachm. 418.

On defendant's motion to dissolve an atttachment, the court cannot pass upon the material issues set forth in the complaint. Those contained in the affidavit, if not the same, may be traversed. Newell v. Whitwell, 16 Mont. 243, 40 Pac. 866; Kuehn v. Paroni, 20 Nev. 203, 19 Pac. 273; Olmstead v. Rivers, 9 Neb. 234, 2 N. W. 366; Kneeland v. Weigley, 76 Neb. 276, 107 N. W. 574; Drake, Attachm. 418.

Conceding the trust, the defendant still had full legal title to the land. 27 Cyc. 1329, 1331, 1332, and cases cited.

If the property is not the defendant's, he suffers no injury thereby. Rev. Codes, 1905, § 6951; Comp. Laws 1913, § 7550; 4 Cyc. 775, and cases cited at note 22; 5 Century Dig. 800; Kneeland v. Weigley, 76 Neb. 276, 107 N. W. 574; Vogelman v. Lewit, 48 Misc. 625, 96 N. Y. Supp. 207; Wise v. Ferguson, — Tex. Civ. App. —, 138 S. W. 816; Drake, Attachm. 418.

*Newton, Dullam & Young,* and *Shelby L. Large,* for respondent.

It is a general proposition of law that although real property is transferred by a conveyance absolute in form, the transfer may be held to have been made in trust. 39 Cyc. 60, and cases cited. Ellison v. Ganiard, 167 Ind. 471, 79 N. E. 450.

The trust agreement between grantors and respondent, being in writing, was sufficient to satisfy the law. Rev. Codes 1905, § 4821, Comp. Laws 1913, § 5364; Wiggs v. Winn, 127 Ala. 621, 29 So. 96; Whetsler v. Sprague, 224 Ill. 461, 79 N. E. 667; Lynch v. Rooney, 112 Cal. 279, 44 Pac. 565; Nolan v. Garrison, 151 Mich. 138, 115 N. W. 58.

The grantee of a prior unrecorded deed is entitled to priority over attaching creditors, where they had secured no judgment lien upon the property. See Leonard v. Fleming, 13 N. D. 629, 102 N. W. 308; Bateman v. Backus, 4 Dak. 433, 34 N. W. 66; Murphy v. Plankinton Bank, 13 S. D. 501, 83 N. W. 575; Kohn v. Lapham, 13 S. D. 78, 82 N. W. 408; see collection of cases, 4 Cyc. 639; Lamont v. Cheshire, 65 N. Y. 30; 25 Cyc. 1480, notes and cases cited; West Missabe Land Co. v. Berg, 92 Minn. 2, 99 N. W. 209; Norton v. Williams, 9 Iowa, 528; Plant v. Smythe, 45 Cal. 161; Drake, Attachm. 6th ed. 223.

Where the only ground of attachment is the nonresidence of the defendant, it becomes important for the defendant to set up a lack of interest in the property, to show an improper issuance of the attachment for want of jurisdiction. See collection of cases, 4 Cyc. 775; Schlater v. Broaddus, 3 Mart. N. S. 321; Harris v. Taylor, 3 Sneed, 536, 67 Am. Dec. 576; Greenwood Grocery Co. v. Canadian County Mill & Elevator Co. 72 S. C. 450, 2 L.R.A.(N.S.) 79, 110 Am. St. Rep. 627, 52 S. E. 191, 5 Ann. Cas. 261; see 27 Cyc. 1330-C, cases cited; Bateman v. Backus, 4 Dak. 433, 34 N. W. 66; see 4 Cyc. 806, and cases cited; Lawrence v. Steadman, 49 Ill. 270.

Statutes providing for the extraordinary remedy of attachment are

construed strictly.   William Deering & Co. v. Warren, 1 S. D. 35,
44 N. W. 1068.

Goss, J.   This is an action for damages for the recovery of $1,071,
alleged to have been sustained because of alleged fraud and deceit of
defendant in procuring, for the sum of $1,925, the discharge of a real
estate mortgage of the face value of $2,996 upon a half section of land
in McLean county.   The discharge is pleaded to have been obtained
through the alleged misrepresentation of defendant, and through the
error, mistake, and ignorance of the plaintiff, known to the defendant
to be such.   The propriety of the attachment in the particular action
is not challenged, and we do not pass thereon.   The only questions
before us arise upon a motion to dissolve the attachment, made by the
defendant under special appearance for the purpose of motion only.
Upon the purported cause of action, upon an affidavit for attachment
in regular form, reciting the nonresidence of defendant and usual
bond, a warrant of attachment was issued and a levy made upon the
land.   After the filing of an affidavit for publication of summons,
reciting defendant's ownership of property in this state, personal service
of the summons, complaint, affidavit, undertaking, warrant and notice
of attachment, was had upon the defendant at Rockford, Illinois, at
which place defendant has at all times resided.   The defendant then
moved "for an order setting aside and dismissing the attachment pro-
ceedings, and that the action be dismissed on the ground that the court
has not acquired jurisdiction of the person of the defendant, and has
not acquired jurisdiction over any of the property of this defendant."
This motion was based upon six affidavits and upon "the summons,
complaint, attachment proceedings, and all the files herein," and
was made under a notice "that the undersigned appears specially in
this action for the defendant above named, for the purposes of this
motion only, and for no other purpose."   The affidavits are uncontro-
verted, and, together with the correspondence and documents exhibited
therewith, prima facie establish that the real estate attached and upon
which the discharge of the mortgage was procured by the defendant,
though standing in his name upon the records of McLean county at the
time of the attachment, was in fact the property of a brother and
sister-in-law of the defendant, and had been by them transferred to

defendant that he might, for convenience and the accommodation of the owners, reconvey title or mortgage, and thereby secure means to meet a past-due mortgage upon said land held by a third party; and that the defendant did, without notice of the attachment, but subsequent thereto, so convey title, in fact as a mortgage, to another party, thereby procuring the money necessary to pay such past-due mortgage, and satisfied the same. That the party holding the title thus conveyed from the defendant in fact holds the same as security only, and as a mortgage for the amount advanced and in trust for the real owners, the brother and sister-in-law, resident in Salem, Oregon, and that this defendant, at the time of the attachment, was likewise a trustee of said real owners, having himself no beneficial interest in the property, and possessing the bare legal title only in trust for the real and equitable owners. The good faith of the defendant in thus acting for his brother and the brother's wife appears prima facie established, and the facts so recited by affidavits are not controverted. Upon the hearing the motion was granted, the attachment vacated, and the action dismissed "for the reason that the court has not acquired jurisdiction over the person of the defendant, or over any property of the defendant," to which order an exception was granted, supersedeas was allowed, and this appeal was taken, and a reversal of the order is asked.

Section 6850, Rev. Codes 1905, § 7438, Comp. Laws 1913, provides that "from the time of this service of the summons in a civil action, or the allowance of a provisional remedy, the court is deemed to have acquired jurisdiction and to have control of all the subsequent proceedings." As the affidavit for and proceedings to obtain the attachment were regular, and on their face sufficient and a compliance with law governing the issuance of the warrant of attachment, upon its issuance the court was clothed with jurisdiction under § 6850, Rev. Codes 1905, § 7438, Comp. Laws 1913, over any property of the defendant subsequently attached, and was authorized, by virtue of the attachment, to proceed in rem against such property; and as a step in such proceedings in rem, substituted service, the equivalent of service by publication (Rhode Island Hospital Trust Co. v. Keeney, 1 N. D. 411, 48 N. W. 341), was made by the personal service of the summons and complaint without the state after the filing of the affidavit for publication. After this was done the court had, as against the property attached, and

so far as any rights of the defendant were concerned, the jurisdiction conferred by statute to proceed *in rem* against such property levied upon and held as the property of the defendant. With such power in the court, and at such stage of the proceedings, the defendant, under a special appearance, by a motion to discharge the attachment upon the ground of his nonownership of the property attached, invokes the power of the court to try such fact of ownership of the property attached, and to annul the proceedings *in rem* against the property. Whether this can be done is the question involved. We have nothing to do with the vacation of an attachment because of defects or falsity in the affidavit or proceedings upon which the attachment is based. Under § 6938, Rev. Codes, 1905, § 7537, Comp. Laws 1913, it is not required that the affidavit for attachment upon which the warrant issues shall contain as an essential any statement that the defendant has property, real or personal, within the state subject to levy. Defendant is seeking to litigate by his motion, not one of the matters recited in the affidavit for attachment, and which may be controverted under § 6962, Rev. Codes 1905, § 7561, Comp. Laws 1913, but is endeavoring to controvert an alleged fact brought into the case, not by the issuance of the attachment alone, but by the levy. He is not, then, moving to discharge the attachment proper because of falsity or defect in the attachment proceedings prior to levy, but, instead, is litigating the legality of the levy. Jurisdiction depends upon a levy upon defendant's property, and in a sense the motion thus goes to jurisdiction of subject-matter.

Research discloses a division of the authorities upon this particular question. The general rule is thus stated in 4 Cyc. 775: "As seizure of property which he does not own can do an attachment defendant no possible injury, it naturally follows that courts have refused to allow defendant to move to quash on the ground that he has no interest in the attached property; but although the reason applies with equal force to foreign attachments, a nonresident defendant has been allowed to show lack of interest in the attached property, to oust the court of jurisdiction." Citing Schlater v. Broaddus, 3 Mart. N. S. 321; Harris v. Taylor, 3 Sneed, 536, 67 Am. Dec. 576. And this statement in the text has been taken as the author's opinion in the more recent case of Greenwood Grocery Co. v. Canadian County Mill & Elevator Co. 72

S. C. 450, 2 L.R.A.(N.S.) 79, 110 Am. St. Rep. 627, 52 S. E. 191, 5 Ann. Cas. 261, vacating an attachment on the ground here urged. We do not, however, understand the author as announcing such a rule. One of the best considered cases on the subject is that of Exchange Nat. Bank v. Clement, 109 Ala. 270, 19 So. 814, on all fours in facts and procedure with ours, denying a defendant such relief. See also the recent case of Kneeland v. Weigley, 76 Neb. 276, 107 N. W. 574, following the earlier cases of Darnell v. Mack, 46 Neb. 740, 65 N. W. 805, and modifying Welch v. Ayres, 43 Neb. 326, 61 N. W. 635; also citing McCord v. Bowen, 51 Neb. 247, 70 N. W. 950; Cooper v. Reynolds, 10 Wall. 308, 19 L. ed. 931; and Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565. See Kelly v. Baker, 26 App. Div. 217, 49 N. Y. Supp. 973; Vogelman v. Lewit, 48 Misc. 625, 96 N. Y. Supp. 207; Mitchell v. Skinner, 17 Kan. 563; Langdon v. Conklin, 10 Ohio St. 439; Drake, Attachm. § 418; Century Dig. title "Attachment," § 800; and Decen. Dig., under "Attachment," § 235. As is said in Wise v. Ferguson, — Tex. Civ. App. —, 138 S. W. 816–819: "It will be time enough to determine their (third parties') rights, if any, when the power of the court to do so is properly invoked." In short, if defendant is not the owner, and has no interest in this property attached, the jurisdiction of the court being limited to declaring a lien thereon, and the disposal of such property thereunder, it being without power to render a personal judgment against a nonresident not personally served, and not voluntarily appearing, he can remain without the jurisdiction of the court, uninjured in property, as no property of his is taken, and as no valid personal judgment can be rendered against him. It is not for him to attempt to so protect the property of others not being proceeded against, and who will not be bound by the judgment *in rem* entered upon the basis of the defendant's ownership thereof. Besides, it is unsatisfactory and uncertain at best to attempt to try title to real property upon affidavits; and, were it permissible, sufficient doubt as to ownership exists on the record made to warrant that question being determined upon a fuller hearing than is possible upon a hearing upon *ex parte* affidavits. Western Grocery Co. v. Alleman, 81 Kan. 543, 27 L.R.A.(N.S.) 620, 135 Am. St. Rep. 398, 106 Pac. 460. And such is held in a similar case in Rhine v. Logwood, 10 La. Ann. 585, a jurisdiction where want of ownership is ground for vaca-

tion of the attachment and dismissal of suit where jurisdiction depends thereon.

The motion should have been denied. It is therefore ordered that the district court of McLean county vacate its order dismissing the attachment and the action, and that plaintiff recover judgment against defendant for the costs and disbursements on this appeal. Case remanded for further proceedings.

BRUCE, J. (specially concurring). I concur in the result of the above opinion, but do not wish to express an opinion on all of the questions involved and discussed. I have no doubt that as a general proposition "a defendant in an attachment case cannot set up title in a stranger to defeat the attachment levy as on his property." I am in doubt, however, whether such a rule applies where the defendant holds such property, or claims to hold such property, as a trustee for another. The reason I concur in the opinion is that the question of the ownership is one of the main issues presented by the complaint, and I do not believe that such issue should be allowed to be tried on affidavits and on a motion to quash the attachment.