WEAVER GROCERY CO. *v.* CAIN MILLING CO.

[78 South. 769, Division A.]

1. ATTACHMENT. *Nonresident defendant. Ownership of property.*

   Where a writ of attachment is levied upon the property of a nonresident defendant, but no service of process upon the defendant is had, the proceeding becomes simply one *in rem* for the condemnation of the property and the application of the proceeds to the payment of the alleged debt due by the nonresident to

the plaintiff, unless the defendant should voluntarily appear
and submit his person to the jurisdiction of the court. If he
has no interest in the property levied on, he cannot be injured
by the seizure thereof and therefore cannot be heard to com-
plain thereat.

2.  SAME.

If the property is in fact owned by a third person, the statute
provides the procedure for enforcing such claim, which proced-
ure is exclusive. The ownership of the property therefore will
become material only when the claim thereto comes on to be
heard.

APPEAL from the circuit court of Leflore county.
HON F. E. EVERETT, Judge.

Proceedings in attachment by the Weaver Grocery
Company against the Cain Milling Company. From a
judgment dismissing the action, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Gardner, McBee & Gardner,* for appellant.

Counsel say they pleaded to the declaration. This
being true, the plaintiff was entitled to judgment on the
attachment issue. This the court refused to do, but
rendered a judgment, quashing the attachment writ
and abating the suit.

But we submit that in no event was the action of the
court proper.

Counsel in their brief say: "According to the general
rule heretofore stated, the appearance of a defendant
in an attachment case solely to challenge the jurisdiction
of the court of his person or property, is a special and
not a general appearance, and does not of itself give
the court jurisdiction to proceed with the trial on the
merits." Counsel cited as authority for this statement
of law, the following: 2 R. C. L. Appearances, secs.
12 and 17; 3 Cyc. 527 and 528; *Green* v. *Green,* 16 A.
S. R. 428; *Davis* v. *C. C. Ry.* 42 L. Ed. (U. S.) 808.

An analysis of these authorities, we submit, will
not by any means require the result reached in the court

below.  Section 17 of rule in case law, entitled appearances, holds: "A defendant making a special appearance for the sole purpose of questioning the jurisdiction of the court over his person does not, in the absence of statutory provision to the contrary, waive an objection to the jurisdiction." 2 R. C. L. Appearances, sec. 17.

But in Mississippi, as we have shown in our original brief, there is a "statutory provision to the contrary" and by reason of this statute, the defendant could not appear in the court below without submitting himself to the jurisdiction of the court.  Sections 527 and 528, of 9 Cyc., are brought forward in volume 4 of Corpus Juris., in which they appear under the head "appearances," as section 67.  We could ask for no better statement of rule than as is there laid down.

This rule is as follows: "It is a well-settled rule except in those jurisdictions hereinafter specially mentioned that a special appearance does not give the court jurisdiction of the person." 4 C. J. Appearances, sec. 67

In the note supporting the text in the above authority we find cited: Kansas, *Green* v. *Green,* 16 A. S. R. 510; Maryland; *McSherry* v. *McSherry,* 140 A. S. R. 128. There are a number of decisions cited as well from the supreme court of the United States.  We have seen by the text, stating the above rule, that there are jurisdictions in which this is not the law.

We have but to continue reading the above section to find: "Contrary rule.  In a few states, by statute, the appearance of the defendant though special, gives the court jurisdiction of his person." 4 C. J. Appearances, sec. 67.  As upholding this rule, we find cited: Miss. Code 1906, sec. 3946; *Standard Oil Co.* v. *State,* 65 So. 468; *I. C. R. R. Co.* v. *Swanson,* 92 Miss. 485, 46 So. 93; *Fisher* v. *Battaile,* 31 Miss. 471.

We also find in the same section, as follows:

Constitutionality of statutes, statutes giving an attempted special appearance, for the purpose of raising jurisdictional appearance, the effect of an unqualified general appearance, are constitutional, and a judgment *in personam* thus supported, is entitled to full faith and credit in other states. 4 C. J. Appearances sec. 67. As authority for the above text, we find cited: *Kaufman* v. *Wooters,* 138 U. S. 285, 30 L. Ed. 962; *York* v. *Texas* 137 U. S. 15, 34 L. Ed. 604; *Antoni* v. *Greenhaw,* 106, U. S. 769, 27 L. Ed. 467.

Section 3946 of the Code of 1906, has been passed upon by the supreme court of the United States. The holding of the court, we submit, was not that the statute was unconstitutional or void, but simply that it did not apply to federal courts. *Cain* v. *Commercial Publishing Co.,* 232 U. S. 124, 58 L. Ed. 534. The case clearly shows the difference between a federal rule and a rule in Mississippi.

Counsel say in their brief that the joinder of issue, in short, by consent, on the plea in abatement in this cause constitutes a waiver to raise this question. He argues, in effect, that he was wrong, to begin with, in filing this plea, but that we having joined issue upon it, waived his wrong; that these two wrongs make one right.

We submit that the answer to his proposition is to be found in the decision of our supreme court: "This question, however, is of no material importance, for the reason had the agreement not been made, or conceding that appellant had the right under the agreement to appear especially for the purpose of filing the motion requesting the court to quash the citation, and conceding further that the citation should have been quashed in accordance with appellant's request, the issuance of further process for them would not have been necessary . . . his appearance for the purpose of filing

the motion gives the court jurisdiction . . . *Standard Oil Co.* v. *State,* 107 Miss. 377-395.

Counsel has cited the case of *Werner* v. *Sheffield,* 89 Miss. 12 as authority for their position. In that case the attachment was sued out in chancery and it was essential that the proof show that the railroad company had effects of the defendant in its hands at the time of serving of the writ. The reason that this was essential, was that, without such a showing by the proof, the court did not have jurisdiction of the subject-matter.

"In order to the validity of a judgment, the court must have jurisdiction of the persons, of the subject-matter, and of the particular question which it assumes to decide—It cannot adjudicate upon a subject which does not fall within its province as defined or limited by law.

Black on Judgments, section 215. The holding of the court in the above case was that the court did not have jurisdiction because: "The proof in the case utterly fails to show that the Yazoo & Mississippi Valley Railroad Company had any of the effects of the Louis Werner Sawmill Company in its hands at the date of the serving of the writ of attachment. *Werner* v. *Sheffield,* 89 Miss. 12-18.

We respectfully submit that none of the authorities cited by counsel maintained his position, nor sustain the judgment of the lower court.

*J. A. Tyson,* attorney for appellee.

Of the six errors assigned by appellant, Weaver Grocery Company, only three are discussed in brief of Counsel, the second and third assignments of error being discussed on the last page of the brief, the other eight pages of the brief preceding the last page, being devoted to an insistence that the fourth assignment of error is well taken, the said fourth assignment of error

being that the "lower court" erred, in overruling the motion of the plaintiff to direct the cause to proceed to a hearing on the merits, in that the filing of plea in abatement by the defendant, was an appearance generally. "In other words the principal complaint of plaintiff, as to error of court below as is indicated by his having devoted eight pages of his nine page brief to same, is that the court below should, immediately after having decided the issue, joined in the plea in abatement against appellant, and in favor of appellee, having ordered the suit to proceed immediately to a hearing on the merits. This contention is sought to be bolstered up by invoking the aid, solely and alone, of section 3946, and three decisions rendered thereunder. Two of these decisions, being those of *I. C. Railroad* v. *Swanson,* 92 Miss. 485, and *Standard Oil Company* v. *State,* 170 Miss. 377, correctly, of course, applied said section 3946, since in both cases the statute was applied to what were undoubtedly, in the very definition of the statute, motions to quash.

The third decision, that of *Fisher* v. *Pacific Mutual Life Insurance Co.,* 112 Miss. 30 (Whatever may be our opinion of the difference between a plea in abatement to a declaration in attachment, and a motion to quash the return of an officer on a writ of attachment), has seemed to place such plea in abatement in the category of those motions to quash, which are treated of by said section 3946.

So then we will assume, that the plea in abatement filed to the declaration in the case at bar, is of a nature and character identical with the plea in abatement filed in the Fisher case, and that consequently said section 3946 applies. With the assumption that the plea in abatement in the Fisher case is of an identical nature as in the one at bar, relative to the plea and abatement, there exists this difference in the treatment of same, viz: that in the Fisher case the plea in abatement was

·demurred to and its sufficiency in law tested, and in this case it was not demurred to and any insufficiency in law, of such plea in abatement was thereby waived by appellant therein when he joined issue thereon.

It is, undoubtedly, true that were it not for said section 3946, of Code of 1906, and the apparent classification thereunder, of a plea in abatement as a motion to quash by the Fisher case, the appearance of defendant, ·Cain Mills Company (appellee herein) by plea in abatement to the declaration for the purpose alone of objection to the jurisdiction of the court would not have constituted an appearance generally; and this regardless of whether or not the grounds of plea in abatement were good.

"According to the general doctrine heretofore stated, the appearance of a defendant in attachment case solely to challenge the jurisdiction of the court over his person or property is a special and not a general appearance and does not of itself give the court ·jurisdiction to proceed with the trial on its merits." 2 R. C. L. Appearances, secs. 12 & 17; 3 Cyc. 527-528; ·*Green* v. *Green*, 16 A. S. R. 510; *McSherry* v. *McSherry*, 140 A. S. R. 428; *Davis* v. *C. C. Ry.*, 54 L. Ed. (U. S.) . 708.

So then we grant for the sake of argument, the contention of appellant, that, by filing the plea and in abatement to the declaration in the case at bar, the defendant, ·Cain Mills Company, became subject to the rule laid down in said section 3946. But the change as to .appearances, wrought by section 3946, are operative on the appellant, Weaver Grocery Company, as well as on the appellee, and in invoking the aid of section 3946 to support his eight page contention that the lower court ·erred in "overruling the motion of the plaintiff, Weaver Grocery Company, to direct the cause to proceed to a hearing on the merits." Appellant is undoubtedly hoist on his own petard. "For the very thing he asked

the court to do in said motion was a thing which the
court had no right whatsoever to do under the plain
language of the statute invoked. This motion to "di-
rect the suit to proceed to a hearing on the merits"
was filed at the same term, and indeed on the same day,
when the suit was abated by the judgment on the plea
in abatement and issue joined thereon, and there was,
after the said judgment had been entered, and at the
time of the making of said motion, but one course open
for the plaintiff (appellant) to pursue—and this course
was one which was given by grace of the statute alone.
The one course which appellant could have pursued at
this stage of the case, was to ask that, "the case be
omitted for that term," in which event the defendant
(appellee) Cain Mills Company, would have been deem-
ed to have entered its appearance to the suceeding term
of the court.

Instead of pursuing this course, plaintiff actually
sought, by formal motion, to "direct the cause to pro-
ceed to a hearing on its merits," and by so doing waived
the continuance which it is now seeking, a right to which,
upon request, the statute gave him.

The language of said section 3946 is: 'When motion
to quash is sustained the case may be continued for the
term, but defendant shall be deemed to have entered
his appearance to the succeeding term of the court."
It is obvious from the plain language of the statute that
the provision that "the case may be continued for the
term," is for the benefit of plaintiff, for two reasons;
the first being that it is the plaintiff, who is surprised
and perhaps found unprepared for further trial by the
quashing of his process, and the second, the defendant,
who had succeeded in having the writ quashed on his
plea in abatement need take no action whatever nor
have any concern about continuance, since the cause
could not be proceeded with against him at that term,

as his appearance, under the statute, would not have been entered until the "succeeding term."

So, in any view of the case, the appellant, in failing, in the court below, to ask that the case be continued, and doubly so by its positive and affirmative action in asking the directly opposite thing, i. e., That the case be proceeded with on its merits, not only tacitly, but expressly and deliberately, waived its right to such continuance, and certainly cannot now be heard in asking that this case be sent back to the circuit court with the judgment that same stand continued to some future term of said court. This would be asking this court to do a thing which it had not asked of the lower court; and it would be asking that the court reverse on a point which was not even presented to the lower court for decision, and which was not consequently, passed on by it.

The appellant, by its motion, insisted on a trial of the case on its merits at a term of court at which, even applying said section 3946 the appearance of defendant, Cain Mills Company, had not been entered.

Now replying to the only other point on which appellant makes an argument (which argument is on the last page of his brief), we submit that issue on the plea in abatement having been joined by appellant (and no demurrer interposed as to its sufficiency in law), the only testimony admissible on such issue was such testimony as bore alone on the ownership of the car of corn attached, since the plea in abatement set up the fact alone that defendant, Cain Mills company was not the owner of the car, and the appellant by joining issue, "in short" said that Cain Mills Company, was the owner of the car of corn. On this sole issue of ownership of the car of corn presented by the plea in abatement and issue joined thereon, the testimony sought to be introduced of appellant, Weaver Grocery Company, relating to the damage sustained by it, was of

course inadmissable, and was properly excluded by the court.

, Counsel, in his brief, submits several authorities as sustaining the contention that "the fact that a defendant in attachment has no interest in the property levied on, is insufficient to warrant a vacation of the attachment." These authorities are three Alabama case and a North Dakota case.

Whatever might have been the effect of the decisions cited in support of this contention, in the jurisdiction in which they were rendered (Alabama) they are of no force whatever in this state, since our own court has expressly held in Werner case cited hereunder, that a defendant in attachment can set up, by way of plea in abatement to a suit in attachment, the fact that no jurisdiction was obtained of defendant, because defendant was not the owner of the property attached. And the court of highest authority in the land has held to the same effect, as have other courts. In *Davis* v.. *C. C. R. R.*, cited hereunder, the court said on page 718:

"A court without personal service, can acquire no jurisdiction over the person, and when it attempts to assert jurisdiction over property, it should be open to "defendant to specially appear to contest its control over such property. In other words to contest the ground of its jurisdiction."

In *Werner* v. *Sheffield*, the Mississippi case cited hereunder, an attachment in chancery had issued against Railroad Company, and Louis Werner Sawmill Company, the suit being based on an indebtedness alleged to be due complainant from the Werner Sawmill Company and the attachment isuing on the ground that said Sawmill company was a nonresident, and that the Railroad Company," had effects of said Sawmill in its possession." A special plea to the jurisdiction of the court was interposed by the Sawmill Company. The court said: "Proof in the case utterly fails to show

that the Railroad Company had any effects of the Saw-mill Company in its hand and therefore this court was without jurisdiction to entertain this suit there being no jurisdiction shown all the proceedings should be dismissed." "*Davis* v. *C. C. R. R. Co.*, 54 L. Ed. (U. S.) 708; *Werner & Co.* v. *Sheffield,* 89 Miss. 12; *Harris* v. *Taylor,* 67 A. D. Dec. 576; *Greenwood Grocery Co.* v. *Canadian Mills,* 2 L. R. A. (N. S.) 89.

However even if the contention of appellant in these respects were correct, he has waived the protection of same by joining issue on the plea in abatement to the declaration in this case, instead of demurring to same for insufficiency of the same as a defense at law, that plea in abatement showing on its face that no owner-ship of car by defendant was alone relied on.

We respectfully submit that this case should be affirmed.

Smith, C. J., delivered the opinion of the court.

This is a proceeding in attachment, instituted in the court below by appellants against appellee on the ground that appellee is a foreign corporation. The sheriff in execution of the writ took into his possession certain personal property, but failed to obtain service upon appellee. The property was claimed by the First Nat-ional Bank of Atchison, Kan., and upon affidavit there-to being made and bond given the property was de-livered to it. Appellee by its attorneys filed a plea to the jurisdiction of the court, alleging that it is a nonresident of the state, had not been served with proc-ess, and was not the owner of the property levied upon. Appellant moved the court to disregard the plea and to proceed with the trial of the cause on its merits for the reason that appellee had, by filing the plea, submitted itself to the jurisdiction of the court, which motion was overruled. Issue in short, by consent, was then joined on the plea, the cause was submitted to the court to be

tried without a jury on that issue, and judgment was rendered, sustaining the plea and dismissing the action. Where a writ of attachment is levied upon the property of a nonresident defendant, but no service of process upon the defendant is had, the proceeding becomes simply one *in rem* for the condemnation of the property and the application of the proceeds to the payment of the alleged debt due by the nonresident to the plaintiff, unless the defendant should voluntarily appear and submit his person to the jurisdiction of the court. If he has no interest in the property levied on, he cannot be injured by the seizure thereof, and therefore cannot be heard to complain thereat. If the property is in fact owned by a third person, the statute provides the procedure for enforcing such claim, which procedure is exclusive. The ownership of the property, therefore, will become material only when the claim threto of the First National Bank of Atchison, Kan., comes on to be heard. *Thornley* v. *Lawbaugh,* 31 N. D. 651, 143 N. W. 348, 47 L. R. A. (N. S.) 1127, and authorities cited in note thereto at page 1131. *Werner* v. *Sheffield,* 89 Miss. 12, 42 So. 876, relied on by appellee, deals with the limitation expressly imposed upon the jurisdiction conferred upon chancery courts in attachment proceedings under section 536, Code of 1906, Hemingway's Code, section 293, and consequently has no application here.

*Reversed and remanded.*