This is an appeal from an order of the district court, of Pierce county, dissolving an attachment, the short record facts in relation to which are as follows:
Plaintiff, Gilmore, brought an action against the defendant, Olson, upon a promissory note for $1,250, before the note was due, setting forth, in his complaint that the action was so brought to obtain a warrant of attachment. A warrant of attachment was issued regularly, based upon an affidavit made by plaintiff, which, after the formal parts, sets forth his claimed grounds for attachment as follows: *Page 634 
"That affiant, this plaintiff, has good reason to believe and does believe that the defendant has removed or is about to remove his property, or a material part thereof, from this state, not leaving enough therein for the payment of his debts; that defendant has sold, assigned, transferred, secreted or otherwise disposed of, or is about to sell, assign, transfer, secrete or otherwise dispose of his property, with intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts; and is about to remove his property, or a material part thereof from the state with the intent or to the effect of cheating or defrauding his creditors or hindering or delaying them in the collection of their debts."
With the warrant in his possession, the sheriff of Pierce county went to the city of Grand Forks, which adjoins the western line of Minnesota, and there found the defendant in possession of an automobile. After some discussion, in which it appears that the defendant told the sheriff that he would not remove the machine from North Dakota, the sheriff and defendant drove back to Pierce county in the car and there, on March 12th, 1926, the sheriff regularly seized the automobile under his warrant, taking it from the possession of the defendant.
On the same day, Elsie L. Olson, wife of defendant, made a third party claim for the automobile attached, claiming to own it and to have been such owner since the Fall of 1925, when it was purchased. An indemnity bond was given by plaintiff to the sheriff, who refused the wife's demand. On March 30th, 1926, defendant answered, admitting making the note sued upon, denying all the other allegations in the complaint and stating: "Further answering, defendant alleges that that certain automobile, described as a 1925 Hudson brougham, serial No. 643682, motor No. 339616, heretofore and on or about March 12, 1926, attached by said plaintiff in the above entitled action, was not then and is not now the property of said defendant and is and has been at all times, the property of defendant's wife, Elsie L. Olson."
On April 7th, 1926, defendant served notice of motion to "dismiss" the attachment, stating that the motion would be made "on the grounds and for the reasons that said attachment is void and invalid and that the affidavit for attachment is insufficient, and that the grounds for *Page 635 
attachment stated in said affidavit are false and not correct, and that the property attached was and is not the property of this defendant."
Attached to this notice was an affidavit made by defendant, which, after sufficiently traversing the truth of the allegations in the affidavit for attachment, contains this statement: "Affiant further states that the property herein attached to wit: an automobile, described as a 1925 Hudson brougham, was not at the time of such attachment and is not now his property, but was and is the property of his wife, Elsie L. Olson."
Hearing of the motion was continued by consent from time to time and was finally submitted on June 24th, 1926. Upon its submission, plaintiff filed an answer which substantially recites the history of the matter down to that date, but which does not appear to tend to substantiate the truth of the allegations in the affidavit for attachment, especially as to the unlawful intent of defendant, as alleged. Defendant filed an affidavit of his counsel, tending, in some measure, to corroborate the affidavit of defendant served with the motion, especially as to the fraudulent intent alleged.
It appears that the wife of defendant sued the sheriff for damages for the conversion of the automobile, which was the only property attached, and that action is, also, pending.
The trial court made an order on June 28th, 1926, dissolving the attachment and ordering the attached property released. Supersedeas bond was fixed and given and this appeal timely taken.
From a memorandum opinion of the trial court, filed with the order, it appears that that court held substantially as follows: 1. That the statement in the motion, and in the affidavits of defendant, to the effect that the defendant did not, and never had owned the attached property, was mere surplusage, and should be disregarded. 2. That, as the truth of the alleged grounds for attachment had been squarely traversed and no further or additional evidence was adduced by the plaintiff to substantiate their truth, the plaintiff had not sustained the burden of proof cast upon him, and, therefore, the attachment must be dissolved because the affidavit for it was untrue, in fact.
An inspection of the record satisfies us that, if the defendant can be heard at all upon his motion, as made, no error was committed by dissolving the attachment for untruth of the affidavit. *Page 636 
But appellant insists that, according to law, and especially the decision of this court in Thornley v. Lawbaugh, 31 N.D. 651, 47 L.R.A. (N.S.) 1127, 143 N.W. 348, the defendant, because he made his non-ownership of the attached property a ground of his motion to dissolve, and made a sworn statement of such non-ownership in his affidavit and in his answer, can not be heard, in such a case, upon any ground for dissolution, however good it may be; that it is a part of the substance of his motion and showing, binds him and can not be treated as mere surplusage, but must be given its legal effect, which is to defeat his entire motion. If this be correct, it was error to grant the motion.
The reasoning in the Thornley Case, supra, seems to sustain plaintiff's contention, so far as it is applicable to this case; but the Thornley Case only decided, that a defendant could not move to discharge an attachment levied upon property which he did not own, upon the sole ground of such nonownership. The trial court properly held that such ground could not be considered; but he treated the ground and the proof of it as mere surplusage, not binding upon the defendant as to any other ground of his motion. In this, we think there was error.
In 6 C.J. p. 432, the rule in such cases is laid down substantially as the plaintiff, here, claims it to be, although there are authorities, which are cited, which hold the contrary. It seems, however, that in states having statutes substantially similar to ours and where, as here, attachment is a mere provisional remedy, the rule is as claimed by the appellant in this case.
People's Bank v. Morris, 71 Kan. 849, 80 P. 586, is a very illuminating case upon the subject, not so much for what it says, as for what is necessarily implied. There the defendant moved, as was done here, to dissolve an attachment on several grounds, but, among others, the one of his nonownership of the property attached. Apparently, before the motion was heard, his counsel became convinced that, as held in the Thornley case, here, the courts would not listen to a motion based on such a ground, and, to get away from the effect of his setting it up and bringing forward proofs of it, moved to strike out as surplusage, not only the statement of the ground, but proofs offered in support of it. This the Kansas courts refused him permission to do, because it was of the very substance of his motion, bound him upon *Page 637 
the whole of his motion and excluded him from a hearing upon any part of it, entirely irrespective of the merits or demerits of the other stated grounds. We think this rule is consonant with reason, in keeping with the legislative intention manifest in our applicable statutes and controlling of this case.
The order appealed from will be reversed.
CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and NUESSLE, JJ., concur.
JOHNSON, J., did not participate; Honorable CHAS.E. WOLFE, Judge of the District Court of the Third Judicial District, sitting in his stead.