IDA MOEN, Appellant, v. IDA MELIN, Respondent.

(223 N. W. 702.)

Opinion filed February 18, 1929.

*I. A. Acker,* for appellant.

*J. E. Hendrickson,* for respondent.

N<small>UESSLE</small>, J.   Plaintiff brought an action to recover damages for personal injuries alleged to have been caused through and by the negligence of the defendant.   At the time of the commencement of this action the plaintiff procured the issuance of a writ of attachment on the ground that the action was one to recover damages and that the defendant was not a resident of the state of North Dakota.   Thereafter the defendant moved to set aside and vacate the attachment for the reason that the court acquired no jurisdiction over the property sought to be attached because "the action on the part of the plaintiff is not based upon any contract or judgment as provided for in § 7537, Comp. Laws 1913, but is an action to recover damages for tort; that the affidavit for attachment is insufficient in that no specific property to be attached is described therein or in the writ of attachment."   The motion was granted and from the order entered accordingly the plaintiff appeals.

The statute, § 7537, Comp. Laws 1913, provides:

"In an action on a contract or judgment for the recovery of money only, for the wrongful conversion of personal property, or for damages, whether arising out of contract or otherwise, the plaintiff at or after the commencement thereof may have the property of the defendant attached in the following cases:

"1. When the defendant is not a resident of this state or is a foreign corporation.

"2. When the defendant has absconded or concealed himself.

"3. When the defendant has removed or is about to remove his property, or a material part thereof from this state, not leaving enough therein for the payment of his debts.

"4. When the defendant has sold, assigned, transferred, secreted or otherwise disposed of, or is about to sell, assign, transfer, secrete or otherwise dispose of his property, with intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts.

"5. When the defendant is about to remove his residence from the

county where he resides with the intention of permanently changing the same and fails or neglects on demand to give security for the debt upon which the action is commenced.

"6. When the debt upon which the action is commenced was incurred for property obtained under false pretenses.

"7. When the defendant is about to remove his property or a material part thereof from the state with the intent or to the effect of cheating or defrauding his creditors or hindering or delaying them in the collection of their debts.

"8. In an action to recover purchase money, for personal property sold to the defendant, an attachment may be issued and levied upon such property."

Except in cases where the eighth ground, supra, is relied upon, the statute does not require "that the affidavit for attachment upon which the warrant issues shall contain as an essential any statement that the defendant has property real or personal within the state subject to levy." Thornley v. Lawbaugh, 31 N. D. 651, 47 L.R.A.(N.S.) 1127, 143 N. W. 348; Weil v. Quam, 21 N. D. 344, 131 N. W. 244. So the sole question presented on this appeal is whether an attachment will issue in an action for damages arising out of tort where the defendant whose property is attached is not a resident of the state.

The appellant contends that an attachment may issue in a tort action for damages such as this under that clause in the statute providing "or for damages, whether arising out of contract or otherwise." The defendant, on the other hand, insists that this clause refers back to the preceding words "In an action on a contract or judgment for the recovery of money only," so that the statute should be construed as though it read "In an action on a contract or judgment for the recovery of damages, whether arising out of contract or otherwise," and contends that "attachment proceedings on the part of the plaintiff herein upon her action cannot be maintained until some form of debt has been established thereon against the defendant either by way of judgment or contract."

It seems clear to us that the plaintiff's contention is right and that the attachment was erroneously vacated. The language of the statute is unambiguous. It provides that an attachment may issue in an action for the recovery of damages, whether arising out of contract or other-

wise. Such language clearly contemplates an action in tort for damages and were there any question as to this the history of the statute and the previous holdings of this court would be conclusive in determining it. The statute as originally enacted did not include the words "or for damages, whether arising out of contract or otherwise." See § 4993, Compiled Laws Dakota and § 5352, Revised Codes 1895. Chapter 30, Sess. Laws 1897 amended this section by adding the clause in question and the eighth ground for attachment heretofore quoted. Section 7537, supra, in its present form is the statute as thus amended. After the amendment this court had occasion to consider the statute in the case of Sonnesyn v. Akin, 12 N. D. 227, 97 N. W. 557. That case was an action to recover damages for tort. The plaintiff procured the issuance of a writ of attachment on the sixth ground, that is, that the debt upon which the action was commenced was incurred for property obtained under false pretenses. This was the only ground set forth in the affidavit. On motion the attachment was vacated and set aside because the action was for damages for a tort, and such damages could not constitute a debt so as to come within the purview of the sixth ground until they were liquidated. In that case the court said:

"Formerly—and this is still true in a number of states—the remedy by attachment was not available except in actions upon contract. Our statute (Rev. Codes 1899, § 5352), extends the remedy to actions 'for the wrongful conversion of personal property, or for damages, whether arising out of contract or otherwise.' . . . It is true, plaintiff's complaint sets forth a cause of action in which an attachment may be had. His cause of action is for damages for a deceit, but, as we have seen, § 5352, Rev. Codes 1899, authorizes the issuance "of the writ in actions 'for damages, whether arising out of contract or otherwise.' "

And again the court said: "As we have seen, the plaintiff's cause of action is one in which a writ of attachment may issue if proper statutory grounds exist, but it does not follow that all of the eight grounds enumerated in § 5352, Rev. Codes 1899, were available to him. It is apparent that the first ground stated in said section, to wit, the nonresidence of defendant, and also a number of others, apply indiscriminately to all actions in which a writ may issue, regardless of the nature

of the action, whether it is upon a contract, judgment for the conversion of personal property, or for damages. It is also apparent that all of the eight grounds do not apply to all classes of actions. For instance, a writ may be had under the eighth ground 'in an action to recover purchase money for personal property sold to the defendant,' in which case the writ may be 'levied upon such property.' No one would seriously contend that this ground when stated in an affidavit, would sustain an attachment in an action based upon a tort, or any other action than one commenced to recover purchase money for personal property. We think it is equally plain that the sixth ground upon which the appellant relies, which authorizes the issuance of the writ 'when the debt upon which the action is commenced was incurred for property obtained under false pretenses,' restricts it to actions brought to recover upon debts, and that it has no application to any other actions, such as actions to recover damages for torts, as in the case under consideration."

The order of the district court must be and it is reversed.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.