Kincaid sued out an original attachment against Thomas, who was not an inhabitant of Tennessee, in his lifetime; and upon a garnishee being summoned, filed his declaration in debt, in the usual form, for $117.60. After this, Thomas died, and letters of administration were granted to Thomas W. Francis. A scire facias was then sued out against Francis, to revive the suit; to which he appeared and pleaded in abatement that the plaintiff was not an inhabitant of Tennessee, but resided in Pennsylvania. The question in this Court was, whether a citizen of Pennsylvania could commence a suit, by original attachment, against another citizen of Pennsylvania, in the courts of this State.
For the defendant, it was argued that the act of Assembly of this State, authorizing original attachments to be issued, only applied to cases where one of the parties was not an inhabitant of Tennessee. The statute, Hay. Rev. 183, section 21, provides, "that when any person, who shall be an inhabitant of any other government, so that he can not be personally served with process, shall be indebted to any person, resident of this State, and hath any estate within the same, any of the judges, or justices may grant an attachment against the estate of such foreign person: And in case of the death of any debtor residing without the limits of this State, the creditor, resident within the State, shall in like manner be entitled to recover, by attachment, against the executor or administrator of such non-resident." From this it was argued that the right to sue out an original attachment under this clause could never exist, except *Page 50 
where the plaintiff was a resident of Tennessee, and the defendant a citizen of some other State. The original attachment, it was also said, was a new remedy, depending solely upon the statute for its existence; and therefore the plaintiff should, in every case, show that he was within its provisions, or he would not be benefited by it
For the plaintiff, it was argued that the distinctions in the statute, drawn between citizens of this State and citizens of any other State, were against the Constitution of the United States; for by that it is provided, art. 4, section 2, "that the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States." And that, therefore, the legislature of Tennessee were not authorized to pass any statute showing a favor to her own citizens not extended to the citizens of any other State.
It was also argued that this Court could not judically know the defendant was not a citizen of Tennesseee; because, although it appeared so in the original attachment, yet that this was not necessarily a part of the record; and as oyer had not been craved of it, that the court could not now look into it; and it was very clear that if either of the parties was an inhabitant of this State, the remedy, by original attachment, was well settled, as would appear by another clause in the same statute.
To the plea in abatement, filed by the defendant, there is a demurrer which must be overruled. The act of Assembly is plain, express, and can not be misunderstood; it evidently limits the commencing of a suit, by original attachment, to citizens of this State, or against citizens of this State; and never can operate where both parties are non-residents. The Constitution of the United States is not incompatible with this act of Assembly. The object of the Constitution was to secure to the citizens of every State an equal administration of justice as it regarded their essential rights, either of property or person, by the courts of every State; and was not at all intended to interfere with the mode of prosecuting *Page 51 
those rights. This seems to have been the understanding of several States, as some of them have passed such discriminating laws: for instance, in Kentucky, a non-resident is compelled to give security for costs before he can commence a suit of any description; whereas, the citizens of the State are under no such necessity. The constitutionality of such laws has not been questioned by any adjudicated case within my knowledge.