SAMUEL J. COFFMAN V. L. A. BRANDHOEFFER.

[FILED OCTOBER 21, 1891.]

1. **Actions**: WHEN COMMENCED: ATTACHMENT. An action is considered commenced, so far as the right to issue a writ of attachment is concerned, as soon as the petition is filed in the proper court, and a summons is issued thereon with a *bona fide* intent that it shall be served.

2. ———: LOCUS. A suit for the recovery of money, when the defendant is a resident of the state, must be brought in the county where the defendant resides, or in the county where he temporarily is. Such action cannot be instituted in a county in which the defendant does not reside before he enters the county.

3. ———: APPEARANCE: WHAT IS. The filing of a motion to quash an attachment for want of jurisdiction over the person of the defendant and to issue the writ does not constitute a general appearance in an action.

ERROR to the district court for Douglas county. Tried below before CLARKSON, J.

*Chas. Offutt,* for plaintiff in error, cited, contending that the motion to quash constituted a general appearance: *Porter v. C. & N. W. R. Co.,* 1 Neb., 15; *Crowell v. Galloway,* 3 Id., 220; *Aultman v. Steinan,* 8 Id., 111; *Bell v. Olmsted,* 18 Wis., 71–5.

*Schomp & Corson, contra,* cited: *Carlisle ·v. Corran,* 2 S. W. Rep. [Tenn.], 26; *Bell v. Olmsted,* 18 Wis., 75–80; *Freeman v. Burks,* 16 Neb., 328; *Cleghorn v. Waterman,* Id., 226.

NORVAL, J.

This suit was commenced on the 3d day of April, 1890, in the county court of Douglas county by the plaintiff in error upon a promissory note signed by the defendant. At the same time an affidavit for attachment and garnishment was filed, and a summons, writ of attachment, and garnishee summons were issued, returnable May 5, 1890. The grounds for attachment were:

1. That the defendant was about to remove his property, or a part thereof, out of the jurisdiction of the court with intent to defraud his creditors.

2. That the defendant is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors.

3. That the defendant has property and rights in action which he conceals.

4. That the defendant has assigned, removed, or disposed of, and is about to dispose of, his property, or a part thereof, with the intent to defraud his creditors.

5. That the defendant fraudulently contracted the debt on which the action is about to be brought.

On April 25 the summons was returned not served, the defendant not being found in the county.

On April 7, 1890, the defendant filed the following motion:

" Comes now the defendant, by his attorney, and makes this appearance specially and for the sole purpose of objecting to the jurisdiction of this court, and respectfully represents that this court has no jurisdiction of this defendant and no means of obtaining jurisdiction, and therefore no basis or authority for issuing an attachment against this defendant.

" Wherefore defendant asks that said attachment be withdrawn and declared void.        J. G. WATTS, .
                              *"Attorney for Defendant."*

The motion was accompanied by several affidavits showing that the defendant then was, and had been since 1885, a resident of Keith county, Nebraska, and was not in Douglas county on the 3d day of April, 1890, when the action was brought, and had not been there since January 27, 1890.    There was also undisputed proof that an action was brought in the district court of Keith county on March 6, 1890, upon the same note sued on in this action, and said suit is still pending.

There was presented on the hearing of the motion the affidavits of the plaintiff Coffman, and Mr. Offutt, his attorney, to the effect that at the time the summons was issued they had information that the defendant was enroute to the county of Douglas from Keith county; that the summons was issued with a *bona fide* intention to have it served on the day it was issued, or before the return day thereof, and that the defendant was every few weeks in Douglas county, and plaintiff believes he will soon have an opportunity of having the summons served on the defendant in said county.

On April 25, 1890, said motion was sustained, and the county court of its own accord dismissed the cause for want of jurisdiction.    On a petition in error to the district court the judgment of the county court was affirmed. This ruling is now assigned for error.

It is argued by counsel for defendant in error that the

county court was without authority or jurisdiction to issue the writ of attachment. In determining this question it is important to notice the provisions of our statute on the subject.

In chapter 20 of the Compiled Statutes, relating to county courts, we find this provision: "Sec. 16. Orders for arrest and for attachments of property may issue in actions under this chapter, but when the demand in such action exceeds the jurisdiction of a justice of the peace, the proceedings upon such orders shall be the same, as near as may be, as in actions brought in the district court. The return day of such orders shall, when issued at the commencement of the action, be the same as that of the summons; when issued afterwards, they shall be made returnable forthwith."

Section 198 of the Civil Code provides that "The plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated," etc.

Section 203 provides "That the return day of the order of attachment, when issued at the commencement of the action, shall be the same as that of the summons; when issued afterwards, it shall be twenty days after it is issued."

Within the meaning of these provisions, at what time may a writ of attachment issue? The clear language of the statute is at or after the commencement of the action. For some purposes an action is not regarded as commenced until the defendant is summoned; while for others an action is deemed begun when the petition is filed and a summons is issued thereon, which is served on the defendant. Manifestly it was the intention of the legislature that an order of attachment could properly issue before the summons is served. The purpose of an attachment is to secure the property of the debtor for the payment of the judgment that shall be rendered against him. If the plaintiff must

wait until the service of a summons is made on the defendant before he can sue out an attachment, the remedy would be of little or no value. We conclude that an action is to be considered commenced, so far as the right to issue a writ of attachment is concerned, as soon as the petition is filed in the proper court, and summons is issued thereon with a *bona fide* intention that it shall be served. (*Hagan v. Burch*, 8 Ia., 309; *Reed v. Chubb Bros., Barrows & Co.*, 9 Id., 178; *Bell v. Olmsted*, 18 Wis., 75.) Of course attachment proceedings will be of no avail unless suit is brought in a court having jurisdiction, and personal service of a summons is made upon the defendant or service is obtained by publication, when such service is proper.

The next question presented is, Was this action properly brought in Douglas county? The suit is for the recovery of money and it is undisputed that the defendant was then a resident of the state and could have been personally served with a summons therein. This not being a local action, section 60 of the Code governs as to the county in which it must be brought. This section reads: "Every other action must be brought in the county in which the defendant, or some of the defendants reside, or may be summoned." The defendant was a resident of Keith county, and was not in the county of Douglas when the suit was instituted. The sheriff returned the summons indorsed "Not served, the defendant not found in Douglas county." Clearly the meaning of section 60 is that actions like this, if not instituted in the county where the defendant resides, must be begun in the county where the defendant actually is, and the summons must be served upon him while in the county. The suit cannot be commenced before he enters the county.

Section 2808 of the Code of Tennessee is as follows: "In all transitory actions, the right of action follows the person of the defendant, unless otherwise provided." While

the language is different from our section 60, the meaning is substantially the same. The supreme court of that state, in construing said section 2808 in *Carlisle v. Cowan*, 2 S. W. Rep. [Tenn.], 26, uses this language, which we adopt: "This act, being in derogation of common law, will not be given a strained construction. By it a right of action follows the person of the defendant; and wherever he may actually be, though but sojourning, there he may be impleaded. His presence in the county, though not a resident, gives the court of the county in which he temporarily is, jurisdiction in transitory actions. If, while then actually in the county, the suit be instituted, and summons served upon him, jurisdiction is given. * * * If within the county at the time the suit was begun, the suit is well brought; if he was not, and he pleaded the fact that he was not, the suit ought to abate. Any other construction would permit a suit to be brought when the defendant neither was, at the time it was brought, a resident, or actually within the county. It would be to legalize the setting a trap which might await the coming of the defendant an indefinite time, and merely for the purpose of suing him out of the county of his residence. We do not believe such a result was intended by the legislature."

But it is urged that the defendant made a general appearance, and, therefore, jurisdiction was conferred. If the filing of the motion constituted a general appearance, then the conclusion contended for follows, for it is well settled in this state that if a defendant appears for any purpose other than to challenge the jurisdiction of the court, he submits himself to the jurisdiction of the court for all purposes. The purpose of the motion filed by the defendant was to quash the attachment, for the reason that the court had no jurisdiction over the person of the defendant and to issue the writ. No other relief was demanded. The defendant, therefore, did not make a general appearance in the case. (*Cleghorn v. Waterman*, 16 Neb., 226.) In each of the

cases of this court, cited in the brief of plaintiff in error, the defendant did more than to question the jurisdiction of the court over his person, and it was held to be a general appearance. The decisions referred to by counsel clearly do not apply to the case we are considering.

The suit being improperly brought in Douglas county, there was no authority for issuing the attachment. The county court did not err in dismissing the action, and the judgment of the district court is

AFFIRMED.

THE other judges concur.