SYLVESTER H. KNEELAND V. WILLIAM W. WEIGLEY.

FILED APRIL 5, 1906.    No. 14,095.

1. **Attachment:** OBJECTION TO JURISDICTION. Where the only ground
alleged for the issuance of an attachment is that the defendant is
a nonresident, he is not entitled to make a special appearance or
to answer, attacking the jurisdiction of the court upon the sole
ground that he is not the owner of the property seized under
the writ.

2. *Welch v. Ayres*, 43 Neb. 326, modified.

ERROR to the district court for Clay county: LESLIE G.
HURD, JUDGE. Affirmed.

*L. B. Stiner* and *Tibbets Bros. & Morey*, for plaintiff in
error.

*Epperson & Sons* and *S. W. Christy*, contra.

LETTON, J.

This was an action brought to recover upon a judgment
rendered in the state of New York. Certain real estate in

Clay county was attached under an order of attachment issued upon an affidavit the ground of which was that the defendant is a nonresident of the state. The defendant made a special appearance objecting to the jurisdiction of the court, which was overruled. An answer was thereafter filed by the defendant, the first defense therein setting forth in substance the same matters and objections to jurisdiction which were set forth in the special appearance. These allegations are in substance as follows: That the plaintiff is a resident of the state of New York and had never been a resident of Nebraska; that the only service is by publication upon the alleged levy of an attachment upon certain real estate in Clay county made on May 19, 1903; that the defendant at said time had neither title nor ownership, legal or equitable, to said premises or any portion thereof, nor the possession of any part thereof, nor any right, title, claim or interest of any kind in or to said premises; that the defendant did not have on May 19, 1903, or at any time since, any property or debts owing to him in the state of Nebraska; that upwards of 20 years ago he purchased said real estate and in 1876 sold the same to his brother, James P. Kneeland, and Alice Kneeland, his wife, retaining the naked legal title for the purpose of securing the purchase price; that in 1877 James P. Kneeland and family entered upon the possession of the premises as the owners thereof and have ever since occupied the same as such owners; that in 1895 he received full payment of the balance of the purchase price, but that he retained the naked legal title until December 15, 1902, when he executed deeds to the premises to his brother and his wife, which were recorded on March 9, 1903, and that he has had no interest in the land since 1876, except a lien for the purchase price as before set forth, and that on May 19, 1903, defendant was absolutely without any right, title, claim, lien or interest, of any name, nature or description, in or to the premises; that by reason thereof this court has acquired no jurisdiction over his person or the subject matter of the action. The second defense was a general

denial. A general demurrer was filed to the first defense, which was sustained by the court, to which the defendant duly excepted. Afterwards the cause was heard upon the pleadings and the evidence, judgment rendered for the plaintiff and the attached property ordered sold. From which judgment and order the defendant has brought these error proceedings.

The only assignment of error which it is necessary to consider is that the district court erred in sustaining the demurrer to the first defense set forth in the answer. Under the provision of the third subdivision of section 77 of the code, jurisdiction of a defendant in an action for the recovery of money cannot be acquired by service by publication unless the defendant is a nonresident of the state, having property in this state, or debts owing to him, which are sought to be taken by some provisional remedy or to be appropriated by judicial proceedings.

The plaintiff in error contends that the facts set forth in the first defense show conclusively that the court never acquired any jurisdiction, and that hence his special appearance should have been sustained and the demurrer overruled. The principles governing jurisdiction in cases of this kind are lucidly set forth by Justice Miller in *Cooper v. Reynolds*, 10 Wall. (U. S.) 308. It is shown in the opinion that by jurisdiction over the subject matter is meant the nature of the cause of action and of the relief sought, that jurisdiction of the person is obtained by the service of process or by the voluntary appearance of the party in the case, and that jurisdiction of the *res* is obtained by a seizure, under process of the court, whereby it is held subject to such order as the court may make in the cause. In *Darnell v. Mack*, 46 Neb. 740, in a clear and convincing opinion by IRVINE, Commissioner, the former decisions of this state are reviewed and the principles laid down in *Cooper v. Reynolds, supra,* approved and adopted. The doctrine laid down in *Darnell v. Mack, supra,* though often assailed, has become the settled law of this state, and we believe it to be sound.

Plaintiff in error argues, upon the authority of *Welch v. Ayres,* 43 Neb. 326, that, where the defendant asserts that he has no property within the state, it is competent for the court to hear testimony upon this question for the purpose of determining whether or not it ever acquired jurisdiction. It will be observed that the statement of this proposition in *Welch v. Ayres, supra,* was not necessary to a decision of the case. In that case the court held that, since the defendant had filed a motion to dismiss the suit, he had made a general appearance in the action, and that this was a waiver of defects in the service by publication and gave the court jurisdiction of the person of the defendant, so that the proposition relied upon in this case was *obiter dictum.* Judge NORVAL cites as authority for his position the case of *National Bank of New London v. Lake Shore & M. S. R. Co.,* 21 Ohio St. 221. In that case the action was brought against certain nonresidents of the state of Ohio and a notice of garnishment was served upon a railway company. The railway company answered as garnishee, denying that it held any railway stock, property or credits of the defendant in its possession or under its control, and alleged that at a previous date the defendant had transferred all his stock in said company to another person and had held none since that date. Judgment by default was rendered against the defendant and an order made for the sale of 40 shares of stock of said railway company as property attached belonging to the defendant. Afterwards, under an order of court, the sheriff sold to the plaintiff the 40 shares referred to, and this action was brought against the railway company to recover the value of said 40 shares, claiming that at the time of the garnishment the defendant was the owner of the stock, that the transfer made by him was without consideration and made with intent to defraud the plaintiff, and that by virtue of the proceedings and sale the stock became the property of the plaintiff, and that the defendant wrongfully refused to transfer and deliver the same to the plaintiff when requested so to do. The defendant denied

the jurisdiction of the court, that the attachment defendant was the owner of the stock, that he had fraudulently transferred the same and that any interest had passed to the plaintiff by the sale under the attachment. Trial was had and a judgment rendered for the plaintiff for the value of the stock. This judgment was reversed for the reason that the plaintiff was not entitled to the relief sought in an action of that form. Upon the question as to jurisdiction the court say:

"The question under consideration being as to the jurisdiction of the court, and not as to the regularity of its proceedings, it is important, it appears to me, to keep distinctly in mind the fact that this action was *in personam* —an action for the recovery of money, and not a proceeding *in rem* merely. * * * In the attachment proceeding against Butler, it was claimed by the plaintiff that he was the owner of the stock and that claim was verified by affidavit. The garnishee in his answer denied that the defendant owned any stock to its knowledge. Afterwards, upon the trial of the cause, the court heard testimony and found that he was the owner although it stood in the name of his wife. The record does not disclose the testimony that was offered, but we are of opinion that it was competent for the court to inquire into this jurisdictional fact, and having found it in favor of the jurisdiction, the subsequent judgment and order were not void."

· This case was decided before the principles which govern actions affecting the property of nonresidents sought to be reached by attachment proceedings had been announced in *Pennoyer v. Neff*, 5 Otto (U. S.), 714, now recognized as the leading case upon the subject. It seems to us that the Ohio court was in error when it said that the action was one *in personam*. It was in form an action *in personam*, but, unless the defendant was summoned within the state, or personally appeared, it was an action *quasi in rem*, and a judgment would be of absolutely no force or validity as affecting the person. Further, the reasoning of the court is based upon the assumption that jurisdiction of

the *res* was not obtained by the seizure, but by the publication, which is contrary to the doctrine of *Darnell v. Mack, supra.*

Since, if the defendant does not own the property which has been attached, he can suffer no possible injury by the attachment proceedings, it is very generally held that an attachment defendant is not entitled to have the attachment quashed for the sole reason that he is not the owner of the property seized. See cases cited in note to 4 Cyc. p. 775. In *McCord, Brady & Co. v. Bowen,* 51 Neb. 247, it is pointed out that, while a defendant in attachment may deny the truth of the facts set forth as the grounds for attachment, such as that he has fraudulently conveyed his property, it is not competent for him to move the discharge of an attachment upon the ground alone that the property attached does not belong to him. Whatever the grounds set forth in the affidavit for attachment may be, the defendant has a right to deny their existence and to have that issue tried, regardless of whether or not he owns the property attached, but, where the grounds for the attachment are not denied, the fact that the defendant does not own the property which may have been seized under the writ is not a good ground for him to move for a dissolution of the attachment, for the reason that if the property is not his he has no interest in its seizure or discharge. The same reason applies with equal force against the propriety of permitting a nonresident defendant to attack the jurisdiction of the court over the *res* upon the ground that it belongs to someone else. If it is not his he cannot suffer any loss or damage by the levy of the attachment. The whole proceeding would be absolutely void, both as to jurisdiction over the property and over his person. If the action proceeds to judgment and order of sale of the attached property, and the defendant has in fact no interest in the real estate seized, he is not concerned. We are not unaware that in *Harris v. Taylor,* 35 Tenn. 536, and *Schlater v. Broaddus,* 7 Martin (La.), 527, the contrary view was taken, but we think ours is upon better

reason. We have held that, where an attachment is issued and levy made upon real estate belonging to the debtor, whether held in his own name or not, the creditor acquires a lien upon the interest of the debtor in the land, which he may enforce after the recovery of the judgment, and the fact that the party holding the legal title to the land is a nonresident of the state is immaterial, since in such case service may be had by publication. *Keene v. Sallenbach,* 15 Neb. 200. The question of title should be tried in a case in which the facilities afforded for the ascertainment of truth by the examination and cross-examination of witnesses may be had, and not upon affidavits, as might be done if we consented to the doctrine of the plaintiff in error and held that it might be tried upon objections to jurisdiction made by special appearance.

The doctrine of *Welch v. Ayers, supra,* is modified in accordance with these views. The special appearance was properly overruled and the demurrer sustained. The judgment of the district court is

AFFIRMED.