## SOUTH DAKOTA COMMERCIAL ASSOCIATION, Appellant, v. RAMSEY, Respondent.

### (147 N. W. 75.)

1.  **Process—Service by Publication—Jurisdictional Facts—Property Within State—"Subject of the Action."**

    Under Civ. Code, Sec. 112, authorizing substituted service of summons upon non-residents of the state, having property within the state, and where the court has jurisdiction of the subject of the action, and Laws 1907, Ch. 127, authorizing service in first instance upon a defendant personally outside of the state where service could be made by publication, in which case of personal service no affidavit for, or order for publication of summons need be furnished or procured, **held,** that the "subject of the action" means the cause of action, and not the defendant's property, and hence, if the jurisdictional facts exist, substituted service could be had before the court acquired jurisdiction of non-resident's property by attachment or other process, and a non-resident owning property in the state is not entitled to have such substituted service quashed because his property has not yet been reached by the court.

2.  **Service—Attachment—Process—Property of Third Person—Motion to Quash—Validity of Judgment.**

    A judgment on substituted service against a non-resident is valid only as to his property within the court's jurisdiction, and reached by its process; hence, held, that a non-resident defendant is not entitled to have substituted service quashed because the attached property belonged to a third person; the judgment, if rendered, being, as to him, a nullity.

(Opinion filed May 4, 1914.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by the South Dakota Commercial Association, a corporation, against W. H. Ramsey, to recover a money judgment against defendant as a non-resident. From an order quashing service of summons, plaintiff appeals. Reversed.

*Albert J. Keith,* for Appellant.

If a non-resident has no property within the state, there is nothing upon which the tribunals can adjudicate. Pennoyer v. Neff, 95 U. S. 714.

An attachment defendant is not entitled to have the attachment quashed for the sole reason that he is not the owner of the property seized. 4 Cyc. 775, note; McCord, Brady & Co.

v. Bowen, 51 Neb. 247, 70 N. W. 950; Darnell v. Mack, 65 N. W. 805; Iowa State Sav. Bank v. Jacobson, 66 N. W. 453; Davis v. Cook, 9 S. D. 319; Peterson v. Sweningston, 144 N. W. 551 (Mich.); Coughran v. Markley, 15 S. D. 42.

*Boyce, Warren & Fairbank,* for Respondent.

If the defendant had no property in South Dakota at the time service was made upon him in Minnesota, the court of South Dakota obtained no jurisdiction over him, and if his property in South Dakota had not been attached or brought within the court by some process at the time the service was made upon him, the court acquired no jurisdiction over him. Pennoyer v. Neff, 96 U. S. 714, 24 L. Ed. 565; Sec. 112, C. C. P. Laws 1907, Ch. 127; Bunker v. Taylor, 13, S. D. 433; Fiske v. Anderson, 33 Barb. 71; Coughran v. Germain, (S. D.) 97 N. W. 743.

Furthermore, if defendant allows the case to go by default he runs the risk that upon the trial of the creditor's bill, a jury or the court may find that his conveyance to his wife was fraudulent, in which case the full amount of the claim, whether just or not, would be enforced against him. Greenwood Grocery Company v. Canadian County Mill & Elevator Company 72 S. C. 450; 5 Am. & Eng. Ann. Cas. 261; Harris v. Taylor, (Tenn.) 67 Am. Dec. 577; Gaffey v. Grand Trunk Railway Company, 122 N. Y. Supplement 947; Welch v. Ayres, (Neb.) 61 N. W. 635; 4 Cyc. Page 775; Slater v. Broadus, 3 Mart. N. S. Louisiana 321; Harris v. Taylor, 3 Sneed, (Tenn.) 536.

WHITING, J. Plaintiff brought this action seeking a money judgment against defendant, a non-resident of this state; he is issued a warrant of attachment and levied same upon certain real property situated in Sioux Falls; thereafter, upon an affidavit for publication setting forth the non-residence of defendant and that an attachment had been issued and levied upon the above mentioned property, describing same, he procured an order for substituted service of summons; the said summons was, pursuant to such order, personally served upon defendant without this state; defendant, appearing specially, moved that the service of said summons be quashed; this motion was based upon affidavits setting forth that the property attached was the property of

the defendant's wife and not that of defendant; plaintiff objected to the court's entertaining such motion, contending that the court had no jurisdiction to determine a question of ownership or title of property attached except on trial of facts and a presentation of evidence and that it could not properly be tried upon affidavits; plaintiff's objection was overruled and the court entered an order quashing the service of summons; in such order it is recited that the motion to quash was upon the ground that defendant *"has no property within the State of South Dakota;"* the court did not find that defendant "has no property within the state of South Dakota" and as a matter of fact, the affidavits submitted by defendant do not allege that defendant has no property within this state but merely alleged that *the property levied upon* was not the property of defendant; plaintiff appealed from the order quashing the service of such summons.

[1] Section 112 C. C. P. prescribes when there may be substituted service of summons, and provides that an order authorizing such substituted service may be procured upon affidavits from which it satisfactorily appears that grounds for substituted service exists in the particular case—the grounds for such service being set forth in said section, and among them being when defendant "is not a resident of this state, but has property therein, and the court has jurisdiction of the subject of the action." The "subject of the action" mentioned in said §112 does not refer to any property of the defendant from which it is sought to satisfy such judgment as may be obtained, but refers to the cause of action set forth in the complaint. Bank v. Jacobson, 8 S. D. 292, 66 N. W. 453; Harzel v. Vigen, 6 N. D. 117, 69 N. W. 203, 35 L. R. A. 451, 66 Am. St. Rep. 589; and it is therefore held, in the above cases and in State v. Circuit Court, 32 S. D. 573, 143 N. W. 892, that if the jurisdictonal facts actually exist, substituted service may properly be made before the court acquires jurisdiction, by attachment or other process, over any property of defendant. Section 112 now has, as a part thereof, the following added by Chap. 127, Laws 1907:

"Provided, that in any case where service may be made on a defendant, by publication, as provided in this section, the summons and complaint may, at the option of the plaintiff, be in the first instance, served upon the defendant personally without the

state, in which event it shall not be necessary to present any affidavits to the court or procure any order for service by publication."

It will thus be seen that, under the law as it now stands, the plaintiff herein was authorized to make personal service of summons upon the non-resident defendant, without any order for publication and prior to acquiring jurisdiction over the property of defendant by attachment or other process, the validity of such service depending upon the actual existence of the three jurisdictional facts—non-residence of defendant, defendant having property within the state, and the court's having jurisdiction of the subject (cause) of the action. It follows that, even though there had been no order of publication and no levy of attachment, the service of the summons was authorized if the said jurisdictional facts existed, and that, even though it should be conceded that a non-resident defendant can move the quashing of service of summons owing to the non-existence of one or more of the jurisdictional facts, yet it is incumbent upon such defendant to show the non-existence of at least one of these facts. This defendant failed to do—non-residence and jurisdiction of the subject of the action were conceded, and, while he alleged that he did not own the particular property that was attached, he wholly failed to allege that he had no property within this state subject to attachment or garnishment. If he had any property the service was authorized.

[2]  But even though defendant has no property within this state, he is not authorized to move the quashing of the service of summons upon him, the attempted service of the summons being an absolute nullity, giving rise to no rights against defendant, and being a matter of no concern to him.. He knows that "the jurisdiction of the court to inquire into and determine his obligation at all is only incidental to its jurisdiction over the property." Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. Respondent argues that:

"If he does not wish to submit himself to this foreign jurisdiction he must let the plaintiff take judgment against him upon a disputed claim. This judgment would be in form at least a judgment in personam. It could be brought to Minnesota and there sued upon and the only defense which the defendant could

make would be to attack the jurisdiction of this court to enter the original judgment and in such a suit all presumptions would be in favor of the jurisdiction of the South Dakota court."

There is no merit in this contention. As was held in Cooper v. Reynolds, 10 Wall. 318, 19 L. Ed. 931:

"The judgment of the court, though in form a personal judgment against the defendant, has no effect beyond the property attached in that suit. No general execution can be issued for any balance unpaid after the attached property is exhausted. No suit can be maintained on such a judgment in the same court or in any other, nor can it be used as evidence in any other proceeding not affecting the attached property, nor could the costs in that proceeding be collected of defendant out of any other property than that attached in the suit."

The judgment would show that it was based upon substituted service and therefore could not, even upon its face, purport to be the foundation for a cause of action in another state—it will not be presumed that a trial court will enter up a different judgment than the one to which the facts show the party entitled. Respondent also urges that:

"If the defendant allows the case to go by default he runs the risk that upon the trial of the creditor's bill, a jury or the court may find that his conveyance to his wife was fraudulent, in which case the full amount of the claim, whether just or not would be enforced against him."

It is sufficient answer to this to say that, if respondent's transfer to his wife is in fact void, then a great wrong would be done plaintiff by quashing the service of the summons upon a ground false in fact, namely,—that respondent is not the owner of the property. If this property is not the property of respondent but is that of his wife, she is the only interested party and she is seeking no relief. If this proceeding was, outside of any interest the defendant may have in such property as might be seized therein, in the remotest degree, a proceeding against the defendant in his person, his status, or his property, there would be merit in respondent's contentions; but the proceeding is one which, other than through the personal appearance of defendant, can in no manner affect him unless such property as may be seized therein is his property, and, if he has no interest in such property as has

been or may be seized, the proceeding is one in which he is in no way interested.

Respondent has cited Von Hesse v. Mackaye, 55 Hun 365, 8 N. Y. Suppl. 894. That was an action brought "to recover the possession of certain bonds of defendant"—an action of an entirely different nature than the one before us, and one wherein the jurisdiction depended, not on whether the property, the subject matter of the action, belonged ot defendant, but upon whether such property were situate within the state. The holding therein has not the remotest bearing upon the question presented to us. Very similar to the question presented in the Von Hesse case, was the one presented in Bryan v. Publishing Co. 112 N. Y. 382, 19 N. E. 825, 2 L. R. A. 638, also cited by respondent. In these cases the defendants would have been directly affected in their property rights by the judgments sought, and they had a clear right to question the jurisdiction of the court. In Guffy v. Grand Trunk Ry. Co., 67 Misc. Rep. 553, 112 N. Y. Suppl. 947, cited by respondent, the facts were similar to those in this case, but the question discussed was not, whether a defendant who claimed to have no property in the state, could move the quashing of the service of writ, but the real question presented and decided therein was whether the plaintiff had a right to serve the summons where the defendant, at the time of such service, had no property within the state—the plaintiff contending that, inasmuch as at "some time in the future property of the defendant may come within the state, and then a warrant may issue and the property be seized to satisfy the plaintiff's claim," the service of the summons should not be quashed. The court, without considering whether defendant had such an interest as would authorize him to move the quashing of the service, merely held, upon the authority of Cooper v. Reynolds, supra, and Pennoyer v. Neff, supra, that where "there is no property—no 'res'— within the jurisdiction of the court against which to proceed, * * * there existed no foundation for such a proceeding (substituted service) and judicial steps are unauthorized for want of jurisdiction of the court to act." With such ruling we take no issue. In Harris v. Taylor, 3 Sneed (Tenn.) 536, 67 Am. Dec. 576, also cited by respondent, the defendant did not move to quash the service, but entered a plea in abatement setting up the fact that

jurisdiction had not been obtained over his person. This case did not present the question before us. In Greenwood Grocery Co. v. Canadian County M. & Elv. Co., 72 S. Car. 450, 52 S. E. 191, 2 L. R. A. (N. S.) 79, 110 Amer. St. Rep. 627, 5 A. & E. Ann. Cases 261, also cited by respondent, and a case wherein defendant claimed the property attached belonged to the plaintiff and was moving to *dissolve the attachment* upon that ground, the court said:

"The general rule is that an attachment will not be dissolved on the ground that the defendant has no title to the property, or that it is the property of the plaintiff. The defendant's lack of interest in the property would affect the title of the purchaser under the attachment, but not the validity of the process. Drake on Attachments, § 417. As said in Metts v. Piedmont, etc., L. Ins. Co., 17 S. Car. 120, 123, 'the attachment is based on facts disconnected with the property, and it must stand or fall upon these facts.' But it is manifest this reasoning does not apply where the court obtains jurisdiction of a non-resident by virtue of the attachment of his or its property in the state. In such case, the jurisdiction and the validity of the attachment depend upon the defendant having property in the state, and if this fact does not appear it is fatal. 4 Cyc. 775. In this case the flour is the property in this state alleged to belong to defendant, and if the title to that has passed from the defendant to the plainiff, the attachment should be dissolved."

We cannot agree with the latter part of the above. A court does not "obtain jurisdiction of a *non-resident* by virtue of the attachment of his property," it only obtains jurisdiction of the property attached, and then only if it belongs to the defendant. Therefore a defendant who does not own the property attached, can neither ask for the dissolution of the attachment nor for the quashing of the service of summons upon him, being absolutely disinterested in the only thing over which the court appears to have jurisdiction.

We concur fully with the holding of the court in Kneeland v. Weighley, 76 Neb. 276, 107 N. W. 574:

"The fact that the defendant does not own the property which may have been seized under the writ is not a good ground for him to move for a dissolution of the attachment, for the reason

that if the property is not his, he has no interest in its seizure or discharge. The same reason applies with equal force against the propriety of permitting a non-resident defendant to attack the jurisdiction of the court over the res upon the ground that it belongs to someone else; if it is not his he cannot suffer any loss or damage by the levy of the attachment. The whole proceeding would be absolutely void, both as to jurisdiction over the property and over his person. If the action proceeds to judgment and order of sale of the attached property, and the defendant has, in fact, no interest in the real estate seized, he is not concerned. * * * We have held that where an attachment is issued and levy made upon real estate belonging to the debtor, whether held in his own name or not, the creditor acquires a lien upon the interest of the debtor in the land which he may enforce after the recovery of the judgment, and the fact that the party holding the legal title to the land is a non-resident of the state is immaterial, since in such case service may be had by publication. Keene v. Sallenbach, 15 Neb. 200, 18 N. W. 75. *The question of title should be tried in a case in which the facilities afforded for the ascertainment of truth by the examination and cross examination of witnesses my be had, and not upon affidavits, as might be done if we consented to the doctrine of the plaintiff in error and held that it might be tried upon objections to jurisdiction made by special appearance.*"

The order appealed from is reversed.