MAY TANNER, APPELLANT, V. FLORENCE M. DEVINNEY, APPELLEE.

FILED MARCH 16, 1917. No. 19776.

1. **Appearance:** SPECIAL APPEARANCE. The appearance of the defendant in an attachment case to challenge the jurisdiction of the court over his person or property, because the plaintiff has not been a resident of the state for six months preceding the attachment, is a special and not a general appearance, and does not, of itself, give the court jurisdiction to proceed with the trial on the merits.

2. **Constitutional Law:** RIGHT OF ACTION. The provision in section 7732, Rev. St. 1913, as amended in 1915 (Laws 1915, ch. 145), requiring plaintiff to have been a *bona fide* resident of the state for not less than six months preceding the filing of the petition, is not unconstitutional as violative of section 2, art. IV, of the federal Constitution, which provides that citizens of each state shall be entitled to all of the privileges and immunities of citizens of the several states.

· APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Lee O. Carter* and *Edwin Falloon,* for appellant.

*Jean B. Cain* and *Alvin E. Evans, contra.*

CORNISH, J.

This is an action sounding in tort, the plaintiff attaching the defendant's property on the ground of nonresidency. When notice for service by publication was complete, the defendant appeared specially as follows:

"The defendant, appearing specially and for the purpose of this motion only, and for no other purpose, moves the court to quash and set aside the service of the writ on said defendant, and the return thereof, for the reason that the attachment herein was not properly granted, it not being shown to the court that the plaintiff has been a resident of this state for at least six months preceding filing the petition, and is not in compliance with the statutes of this state relative thereto, and for the further reason that this court has no jurisdiction over the person of said defendant."

This motion was sustained and the action dismissed.

Error is claimed on two grounds: First, that the statute, which permits attachment in case of tort only when the plaintiff has been a resident of this state for six months, is inimical to section 2, art. IV of the federal Constitution, which provides that the citizens of each state shall be entitled to all the privileges and immunities of the citizens of the several states; and, second, that the special appearance, above quoted, amounts in fact to a general appearance.

Giving the motion its broadest scope, it does not seem that the defendant appeared, or intended to appear, for any other purpose than to challenge the jurisdiction of the court over her person or property. Such a motion well taken entitles the mover to a quashing of the writ. The statute requires six months' residence in the state by the plaintiff as a jurisdictional fact. It is very possible that

where the particular condition or status of the plaintiff is made a jurisdictional fact in the law, it could not be dispensed with by the litigants. However that may be, we hold that the motion invoked no power of the court beyond those which were proper to the motion.

We are of opinion that the provision for six months' residence does not make the law unconstitutional. It touches residency, not citizenship. It would apply as well to a citizen of this state who is not a resident at the time as it would to a citizen of another state residing here. It is like the law which requires nonresidents to give security for costs. Such discrimination between resident and nonresident plaintiffs may be based upon reasons of public policy. Our courts should not be vexed with litigation between nonresident parties over causes of action which may arise outside of our territorial limits. The federal provision refers only to those privileges and immunities which grow out of citizenship, those which are in their nature fundamental rights belonging to the individual as a citizen of the state. Its object is to secure to the citizens of every state an equal administration of justice as it regards their essential right either of property or person by the courts of every state, and is not intended to interfere with the mode of prosecuting those rights.

For cases bearing upon this question, see *Robinson v. Oceanic Steam Navigation Co.,* 112 N. Y. 315; *Central Railroad & Banking Co. v. Georgia Construction & Investment Co.,* 32 S. Car. 319; *Cummings v. Wingo,* 31 S. Car. 427; *Kincaid v. Francis,* 3 Tenn. 49; *Chemung Canal Bank v. Lowery,* 93 U. S. 72; *McCready v. Virginia,* 94 U. S. 391; *Frost & Dickinson v. Brisbin,* 19 Wend. (N. Y.) 11; *Davis v. Cleveland, C., C. & St. L. R. Co.,* 217 U. S. 157, 18 Am. & Eng. Ann. Cas. 907; *Coffman v. Brandhoeffer,* 33 Neb. 279, 284; *Harkness v. Hyde,* 98 U. S. 476.

AFFIRMED.

SEDGWICK, J., not sitting.