No. 604

First Circuit

RIBUNDO v. KEMP

(March 5, 1930. Opinion and Decree.)

Ellis, Ellis & Ellis, of Amite, attorneys for plaintiff, appellant.

A. L. Ponder, of Amite, attorney for defendant, appellee.

ELLIOTT, J. A motortruck belonging to Rosalino Ribundo having been damaged to the extent of $165 in a collision with an automobile alleged by him to belong to Mrs. Pauline Kemp, he brought suit against Mrs. Kemp, an absentee, resident of the state of Mississippi, and for the purpose of giving jurisdiction to the local court, he attached the automobile which he alleges belongs to her, and which had damaged his own automobile in the collision. He alleges that the collision was caused by her wanton disregard of the law governing traffic on the public highways, her gross negligence, reckless driving, etc. The au-

tomobile which he alleges belongs to her, and which he contends she was driving at the time of the collision, was attached and held to satisfy his claim for damages.

Miss Pauline Kemp appeared by counsel and alleges that she had never been married and that she was Miss Pauline Kemp. That she had a right under the terms of the Code Practice, as a matter of law, to bond the automobile seized. She was permitted by the court to bond the attachment; the bond was given and the automobile released to her. She then appeared, and for answer to plaintiff's demand, admitted that she was an absentee, resident of the state of Mississippi; denied responsibility for the accident complained of by plaintiff. Alleged that the automobile in question did not belong to her, but belonged to her mother, and that she was not driving it at the time of the accident; that it was being driven by her sister and that she was in no way responsible for her sister's driving, etc.

She further avers that her sister was not to blame for the accident, that it was due to the negligence, fault, and carelessness of the driver of plaintiff's car.

There was judgment in favor of plaintiff as prayed for, sustaining the attachment.

Miss Kemp has appealed.

The attachment was based on article 240 of the Code of Practice, which authorizes attachments against debtors residing out of the state, and the further provisions of Act 215 of 1920, the claim being for damages.

But Miss Kemp having appeared by counsel and bonded the property, and further appeared by counsel answering plaintiff's demand, the court was vested with jurisdiction in personam as far as she was concerned.

The plaintiff urges in his brief that Miss Kemp, having appeared and bonded the automobile, cannot defend the suit by setting up in her answer that she did not own it and that it belonged to some one else; that at the time of the accident it was being driven by her sister, and that she was not responsible for her sister's driving, etc.; but that she is estopped by her acts and pleading from urging such defenses; that she must be regarded as the owner of the automobile and responsible for the way it was driven, no one else having intervened claiming ownership.

In order to have urged estoppel against Miss Kemp on account of her acts and pleadings, plaintiff following her answer should have filed a plea of estoppel against her. The record contains no plea of estoppel. It is not sufficient to merely urge in argument that she is estopped.

In Heirs of Wood vs. Nicholls, 33 La. Ann. 744, the court said:

"The defendant, urging that plaintiffs cannot assail the legality of the sale because they have ratified it, should have specially pleaded the estoppel and cannot set it up under the general issue. Such defense is analogous to that of payment, release, novation, etc., and must be specially pleaded."

Thomas vs. Blair, 111 La. 678, 35 So. 811, and Hebert vs. Champagne, 144 La. 659, 81 So. 217, are to the same effect. Not only that, but when defendant tendered parol evidence under her answer, that she was

not the owner nor the driver, nor responsible for the driving, it was received without objection.

But supposing plaintiff to have filed a plea of estoppel on the grounds mentioned, an absentee, brought into court by an attachment, may defend by alleging and showing that the court has no jurisdiction and to that end, that the property seized did not belong to him. Schlater vs. Broaddus, 3 Mart. (N. S.) 321; Smith vs. Kemper, 4 Mart. (N. S.) 430; Oliver vs. Gwin, 17 La. 28; Quine vs. Mayes, 2 Rob. 510.

In Pailhes vs. Roux, 14 La. 82, the court held:

"The defendant, whose property is attached, may have the attachment dissolved, after he has bonded the property. He has a right to this, in order to relieve himself and his surety from the obligation resulting from the bond."

The defense was therefore proper, and the decided preponderance of the evidence is to the effect that the automobile seized belongs in fact to Mrs. Simon Kemp of Hazelhurst, Miss., and at the time of the collision was being driven by Miss Rosaline Kemp, and that Miss Pauline Kemp had nothing to do with the driving. All the substantive proof is to that effect. The judgment appealed from is therefore erroneous and contrary to the law and the evidence.

For these reasons, the judgment appealed from herein is annulled, avoided, and set aside, and the demand of the plaintiff is now refused and rejected at his cost in both courts.

LECHE, J., not participating.