MARY CHARLES MCCARTNEY, APPELLANT, v. HAROLD G. MCCARTNEY, APPELLEE.

FILED APRIL 5, 1935. No. 29180.

*Robert G. Simmons,* for appellant.

*Bruckman & Dunmire, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is an action to recover judgment for monthly instalments of $60 each, which Harold G. McCartney, defendant, obligated himself by written contract to pay to Mary Charles McCartney, plaintiff, for the support of their daughter during the latter's minority. The contract was executed when the parties to it were husband and wife, but living apart from each other. The husband deserted

his wife and she procured a divorce from him without an allowance for alimony or a judicial order committing to her the custody of the child who lives with her mother by agreement of the parents. Plaintiff and defendant are nonresidents of Nebraska. They reside in the District of Columbia.

The petition is drawn in a form purporting to state three causes of action, one for each of the following items: First, judgment recovered in the District of Columbia for unpaid instalments, $320; second, other delinquent instalments, $340; third, amount still to accrue under the contract during the child's minority, $6,840.

The action was prosecuted in the district court for Adams county without personal service therein on defendant. The district court had such jurisdiction as was properly acquired by the attachment of defendant's interest in Nebraska real estate on which the sheriff levied under the writ. In this situation defendant proceeded as follows:

"The defendant appearing specially and for the purpose of this motion only and for no other purpose, moves the court to quash and set aside and discharge the attachment and the levy thereof, for the reason that said attachment was not ordered by the court or any judge thereof and that the affidavit upon which it is based is insufficient and does not meet the requirements of the statutes of Nebraska in such case made and provided and all of which appears from the records and files in the case."

In this challenge to jurisdiction defendant directed his motion jointly to the attachment issued on the claims described in the three alleged causes of action, the first and second being based on matured but unpaid 60-dollar instalments and the third on instalments not yet due. The district court specifically found that the appearance was special, was so intended, and was not general, but did not dissolve the attachment. The failure to quash as to all three claims was free from error, because the district court had jurisdiction to issue attachments on the past-due

claims described in the first and second causes of action. Later, defendant made an appearance in this form:

"The defendant, appearing specially and for the purpose of this motion only and for no other purpose, moves the court to quash and set aside and discharge the attachment and the levy thereon in so far as the same has reference to and is based upon the third cause of action set forth in plaintiff's petition, for the reason that the claim or debt set forth in said cause of action is not yet due and that said attachment was not ordered by the court or any judge thereof and that the affidavit upon which it is based is insufficient and does not meet the requirements of the statutes of Nebraska, in such case made and provided, and all of which appears from the records and files in the case."

Upon a hearing on the second motion to quash, the district court found that this was a special appearance; that defendant did not appear generally; that there was no personal service on him in Adams county; that consequently the attachment as to the third cause of action on obligations not yet due was void for want of jurisdiction. From a judgment in favor of defendant on these findings and dismissing the petition as to the third cause of action, plaintiff appealed.

Plaintiff argues as a ground for reversal that an appearance which does not question the jurisdiction of the court over the person of defendant, but calls upon the court to rule on the merits of a cause of action pleaded in the petition, constitutes a general appearance, citing many cases. The doctrine thus invoked, though ably presented, does not seem to control the present controversy. The district court sustained the attachment to enforce payment of the past-due instalments pleaded in the first and second causes of action and entered judgment therefor by default under the jurisdiction acquired by the sheriff's levy under the writ.

Did defendant enter a general appearance in the third cause of action for the recovery of a judgment for obli-

gations not yet due with consequent liability for failure to answer to the merits of that part of the petition? It is obvious on the face of the appearance itself that defendant did not intend to appear generally. He did not say he so appeared. On the contrary, he made it clear that he appeared specially for the sole purpose of moving to quash the attachment and the levy thereof as to the third cause of action on the ground that the writ was based on obligations not yet due, as shown by the record which plaintiff herself had made. No other relief was demanded. The appearance went no further than to seek the relief demandable in absence of jurisdiction. A nonresident whose property has been seized under a writ of attachment would be in a precarious situation, if he could not demand the relief to which want of jurisdiction entitles him, without making a general appearance. What was meant to be challenged was jurisdiction to attach the realty of defendant, a nonresident, for contractual obligations not yet due. Reference to the petition and to the affidavit for attachment was made in the appearance for the purpose of showing want of jurisdiction. In an early case it was said:

"It would be unreasonable to oblige any man living in one state, and having effects in another state, to make himself amenable to the courts of the last state, that he might defend his property there attached." *Bissell v. Briggs,* 9 Mass. \*462.

A motion by a nonresident whose real estate has been attached for obligations not yet due, if limited to the quashing of the writ and the levy thereof for want of jurisdiction over his person, is not a general appearance. *Coffman v. Brandhoeffer,* 33 Neb. 279; *Tanner v. DeVinney,* 101 Neb. 46. An annotator has collected a list of cases of like import in 55 A. L. R. 1121.

The law is: "An attachment will be allowed in an action for a claim before it is due only upon the grounds and the conditions prescribed by statute." *Merchants Nat. Bank of Omaha v. Jaffray,* 36 Neb. 218. See *Caulfield v. Bittenger,* 37 Neb. 542; *Cox & Cornell v. Peoria Mfg. Co.,* 42

Neb. 660. The statutory grounds for an attachment in an action on a claim before it is due are enumerated as follows:

"First. Where a debtor has sold, conveyed, or otherwise disposed of his property, with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts; Second. Where he is about to make such sale, conveyance, or disposition of his property with such fraudulent intent; Third. Where he is about to remove his property, or a material part thereof, with the intent or to the effect of cheating or defrauding his creditors, or of hindering and delaying them in the collection of their debts." Comp. St. 1929, sec. 20-1049.

The attachment issued on the claim described in the third cause of action was not authorized on any ground enumerated in the statute. The proper dissolution of the attachment issued on the claim not due terminated the third cause of action. *Dayton Spice-Mills Co. v. Sloan,* 49 Neb. 622.

In view of the conclusions herein reached on the law and the facts, the district court did not err in holding that defendant's appearance was special, in dissolving the attachment issued on the claim not due, and in dismissing the petition as to the third cause of action.

AFFIRMED.