INSURANCE COMPANY OF NORTH AMERICA, A CORPORATION, APPELLANT, V. MAXIM KUNIN ET AL., APPELLEES.

121 N. W. 2d 372

Filed April 26, 1963. No. 35385.

Haney, Walsh & Wall, for appellant.

Monsky, Grodinsky, Good & Cohen, Gross, Welch, Vinardi, Kauffman, Schatz & MacKenzie, and Gaines, Spittler, Neely, Otis & Moore, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

On February 2, 1960, a department store operated by Herzberg's, Inc., in Omaha, Nebraska, was damaged by fire. This action was brought by Insurance Company of North America against Maxim's of Nebraska, Inc., a corporation, to recover the amount which the plaintiff alleged that it had paid to Herzberg's, Inc., under an insurance policy as a result of the fire. The petition alleged that the fire was caused by the negligence of the defendant and its employees.

The plaintiff also commenced garnishment proceed-

ings against another insurance company in an effort to reach funds which the plaintiff alleged were due the defendant from the garnishee. The garnishee answered that the funds due the defendant had been assigned by the defendant to Maxim's of Oregon, Inc., and that there were no funds due the defendant from the garnishee which were payable in Nebraska.

The plaintiff then filed an amended petition naming Maxim Kunin, Jeannette Kunin, Maxim's of Iowa, Inc., and Maxim's of Oregon, Inc., as additional defendants. The plaintiff alleged that Maxim Kunin and Jeannette Kunin were residents of Minneapolis, Minnesota, and that Maxim's of Oregon, Inc., was a foreign corporation. The plaintiff attempted to obtain jurisdiction over the property of these defendants by proceeding under subdivision (3) of section 25-517, R. R. S. 1943. This subdivision of the statute authorizes service by publication in actions against nonresidents or foreign corporations having property in this state which is sought to be taken by any of the provisional remedies.

In lieu of service by publication, a summons was served upon Maxim Kunin, Jeannette Kunin, and Maxim's of Oregon, Inc., at Minneapolis, Minnesota. The plaintiff also filed the affidavit of one of its attorneys which alleged that the affiant believed that Herzberg's, Inc., had in its possession property of the defendant Maxim Kunin which was held under the name of Maxim's of Iowa, Inc., and which could not be levied upon by attachment. A summons in garnishment was served upon Herzberg's, Inc., as garnishee. The garnishee answered that it held $643.78 for the account of Maxim's of Iowa, Inc., which included $347.63 due the United States of America.

Maxim Kunin, Jeannette Kunin, Maxim's of Iowa, Inc., and Maxim's of Oregon, Inc., filed separate special appearances. Later, Maxim Kunin, Jeannette Kunin, and Maxim's of Oregon, Inc., filed separate amended special appearances which were sustained and the action

was dismissed as to these defendants. The plaintiff's motion for new trial was overruled and it has appealed.

The plaintiff contends that the amended special appearances of Maxim Kunin, Jeannette Kunin, and Maxim's of Oregon, Inc., should have been overruled because they amounted to a general appearance in the district court. The only question which must be determined by this court is whether these defendants made a general appearance in the district court.

The separate amended special appearances alleged that the defendants Maxim Kunin, Jeannette Kunin, and Maxim's of Oregon, Inc., did not have any property or any debts owing to them in the State of Nebraska at the time the summons issued or at any time since then; that the garnishment proceedings were void because the affidavit had been sworn to before an attorney for the plaintiff as notary public; and, that the demand was not founded on contract and there was no allowance on the petition of the amount in value of the property that might be attached as required by section 25-1001, R. R. S. 1943. Affidavits were filed in support of the special appearances which alleged that the defendants did not have any property or debts owing to them in the State of Nebraska at the time the summons was issued or at any time since then. These affidavits were received in evidence. The plaintiff introduced no evidence except the defendants' brief.

As a preliminary matter, the plaintiff contends that the filing of the amended special appearances without leave of court was a general appearance because the defendants had no right to file such amended pleadings without leave of court.

The record fails to show any objection by plaintiff to the filing of the amended pleadings and no question was raised in the trial court concerning the right of the defendants to be heard upon the amended special appearances. The plaintiff has waived any right to object to the filing of the amended pleadings. Grotte v. Nagle,

50 Neb. 363, 69 N. W. 973. See, also, Behr v. Duling, 128 Neb. 860, 260 N. W. 281, in which the defendant was granted leave in open court to amend his answer but was held not to have made a general appearance.

The principal contention of the plaintiff is that a non-resident defendant, or a foreign corporation, who attempts to appear specially and object to the jurisdiction of the court over his person upon the ground that he has no interest in the property which the plaintiff has levied upon by attachment or garnishment, makes a general appearance in the action.

In Welch v. Ayres, 43 Neb. 326, 61 N. W. 635, the court discussed the right of a nonresident defendant to deny ownership of any property in the state as a ground for a special appearance. The court pointed out that jurisdiction under subdivision (3) of section 77 of the Code of Civil Procedure, now section 25-517, R. R. S. 1943, was dependent upon the defendant being a nonresident of the state or a foreign corporation, the owner of property or of debts owing to him within the state, and that such property or debts are sought to be taken by a provisional remedy or to be appropriated by judicial proceedings; and that if any of these conditions do not exist, jurisdiction of the defendant is not acquired by service by publication. The court concluded that such a defendant is entitled to show the nonexistence of any fact essential to confer jurisdiction, such as the fact that the defendant owns no property situated within the state and that a motion to quash the service should be sustained under such circumstances.

In Kneeland v. Weigley, 76 Neb. 276, 107 N. W. 574, the defendant was a nonresident who was served by publication. The defendant alleged by special appearance, and later by answer, that he had no interest in the property which had been attached and had no interest in any property, or debts owing to him, in the state. The special appearance was overruled and a demurrer to the answer was sustained. This court held

that the judgment of the district court should be affirmed because the defendant was not entitled to attack the jurisdiction of the court upon the ground that he did not own the property which had been attached. The court noted that a defendant is not entitled to have an attachment quashed upon the ground that he is not the owner of the property; that the defendant cannot be injured by an attachment if he does not own the property; that if a nonresident defendant does not own the property which has been attached, the entire proceeding is void; and that the opinion in Welch v. Ayres, *supra,* should be modified accordingly.

In Barkhurst v. Nevins, 106 Neb. 33, 182 N. W. 563, this court held that when a plaintiff seeks by attachment and garnishment to subject the property of a nonresident defendant to the payment of the debt and to obtain constructive service in the manner provided by law, and when the defendant appears specially for the purpose of objecting to the jurisdiction of the court over his person and disclaims that the garnishee has any money or other property belonging to him and disclaims any interest or right to the property named in the affidavit of garnishment, the defendant has made a general appearance because the appearance invokes the jurisdiction of the court upon matters outside of the question of the jurisdiction of the court. The holding was based upon Fowler v. Brown, 51 Neb. 414, 71 N. W. 54.

The defendants attempt to distinguish Barkhurst v. Nevins, *supra,* upon the ground that a denial of ownership of any property within the state is not the same as a disclaimer of any interest in specific property which has been attached or garnished. We do not think that such a distinction can be made. However, the disclaimer which was filed in Fowler v. Brown, *supra,* was entirely different from the denial of ownership made by the defendants in this case. Fowler v. Brown, *supra,* was a foreclosure case in which two of the defendants filed a disclaimer to the premises described in the peti-

tion and prayed that the action be dismissed as to them. The defendants made no attempt to appear specially and this court held that the defendants had made a voluntary appearance. The Fowler case is not authority for the rule declared in the Barkhurst case.

The opinion in Kneeland v. Weigley, *supra,* recognizes that the jurisdiction of the court depends upon the ownership by the defendant of the property which has been attached. The opinion states that the whole proceeding is void if the defendant does not own the property which has been attached.

The basis for the holding in Kneeland v. Weigley, *supra,* is the general rule that a disclaimer of ownership is not a ground for dissolving an attachment. It may be argued that the defendant cannot be injured by an attachment of property which he does not own, but we believe that there are other aspects of the question which should be considered. Orderly procedure requires that the parties to an action be able to litigate questions of jurisdiction in the proceeding itself before judgment. It does not seem unreasonable to require the plaintiff to prove the facts upon which the jurisdiction of the court depends. If the entire proceeding is void because of a lack of jurisdiction, why should any court be required to devote further time or effort to such a proceeding. We think that the better rule is that a nonresident defendant may establish that he does not own the property which has been attached where the attachment is the basis for the jurisdiction of the court. The holdings in Kneeland v. Weigley, *supra,* and Barkhurst v. Nevins, *supra,* should be reconsidered in the light of the rules generally applicable to special appearances.

The general rule is that an appearance is special when its sole purpose is to question the jurisdiction of the court. It is general if the party appearing invokes the power of the court on any question other than that of jurisdiction. Ivaldy v. Ivaldy, 157 Neb. 204, 59 N. W. 2d 373.

A special appearance is in the nature of a plea in abatement and is governed by the same rules. Gaines v. Warrick, 113 Neb. 235, 202 N. W. 866.

When a party appears specially before judgment and denies the truth of any material fact alleged in the affidavit for service by publication, the court must then determine the truth of the allegation contained in the affidavit. Jackman v. Miller, 119 Neb. 463, 229 N. W. 778; County of Douglas v. Feenan, 146 Neb. 156, 18 N. W. 2d 740, 159 A. L. R. 569; Katz v. Swanson, 147 Neb. 791, 24 N. W. 2d 923.

We conclude that where the defendant is a nonresident of the state, or a foreign corporation, and the validity of service by publication upon the defendant depends upon the defendant owning property, or having debts owing to him within the state which are sought to be taken by a provisional remedy or to be appropriated by judicial proceedings, the defendant may appear specially and deny that he owns any property or has any debts owing to him within the state. Welch v. Ayres, *supra.* See, also, Jones v. Danforth, 71 Neb. 722, 99 N. W. 495; Tanner v. DeVinney, 101 Neb. 46, 161 N. W. 1052; LaVarre v. International Paper Co., 37 F. 2d 141; Greenwood Grocery Co. v. Canadian County Mill & Elevator Co., 72 S. C. 450, 52 S. E. 191, 110 Am. S. R. 627, 2 L. R. A. N. S. 79, 5 Ann. Cas. 261; Schlater v. Broaddus (La.), 7 Martin 527; Harris v. Taylor, 35 Tenn. 536, 67 Am. Dec. 576; Pennsylvania Co. v. United Railways of Havana, 26 F. Supp. 379; Ribundo v. Kemp, 12 La. App. 512, 126 So. 577. Accordingly, the opinions in Kneeland v. Weigley, *supra,* and Barkhurst v. Nevins, *supra,* are modified to the extent that they conflict with this opinion.

The remaining question is the effect of the allegations that the affidavit in garnishment was void and that the plaintiff had failed to obtain an allowance on the petition of the amount in value of the property which might be attached. We need only determine whether these

allegations converted the special appearances into general appearances.

The plaintiff relies upon Aultman & Taylor Co. v. Steinan, 8 Neb. 109. In that case, which was a replevin case, the defendant attempted to appear specially but included a number of objections in his pleading which went to the merits of the action and requested that the order of delivery be quashed and the suit be dismissed. This was held to be a general appearance. The decision is not authority for the contention made by the plaintiff in this case.

Although the allegations relating to the alleged defects in the garnishment proceedings would have been proper in a motion to dissolve the garnishment, under the circumstances in this case, the inclusion of the allegations in the special appearances filed by the defendants did not result in the defendants making a general appearance. See, Coffman v. Brandhoeffer, 33 Neb. 279, 50 N. W. 6; McCartney v. McCartney, 128 Neb. 671, 260 N. W. 184.

, We conclude that the record in this case fails to show that Maxim Kunin, Jeannette Kunin, and Maxim's of Oregon, Inc., made a general appearance in this action. The special appearances of these defendants were properly sustained.

The judgment of the district court is affirmed.

AFFIRMED.